Jane RAVETZ, a minor by her next friends and parents, Elkin Ravetz, M.D. and Betty, his wife, and Elkin Ravetz, M.D. and Betty, his wife, in their own right,

Marlene Miller, a minor, by her next friends and parents, Harry Miller and Claire, his wife, and Harry Miller and Claire, his wife in their own right and others

v.

The UPJOHN COMPANY.

Civ. A. No. 14596.

United States District Court
E. D. Pennsylvania.

Nov. 4, 1955.

William K. Ravetz, Philadelphia, Pa., for plaintiff.

Thomas E. Comber, Jr., Philadelphia, Pa., for defendant.

GANEY, District Judge.

The action here involved was instituted on December 16, 1952, on behalf of Jane Ravetz, a minor, by her guardians and parents, Dr. Elkin Ravetz and his wife Betty, and by the latter in their own right. They claim damages for injuries sustained by her as the result of the injection of an allegedly defective antibiotic supplied by the defendant.[1]

Two groups, one the Miller group, involving over eighty persons, the other, the Friedenberg group, comprising six individuals, have sought to be joined as plaintiffs in the action. This court has allowed the joinder of the Miller group, the petition of the Friedenberg group is still before us. In defense of the "claims" filed by the Miller group, and in opposition to the joinder of the Friedenberg group, the defendant has pleaded the Pennsylvania two-year statute of limitations. The questions posed by this defense are: (1) Does the Pennsylvania six-year or two-year statute of limitations apply; and (2) If the latter governs, (a) has the Miller group set forth claims for relief within the two-year period, and (b) is the joinder of the Friedenberg group barred by the statute.

After stating that the petitioners are citizens of Pennsylvania and the defendant is a corporation organized under the laws of Michigan, and that the amount in controversy, exclusive of interest and costs, in respect to each individual claim, exceeds $3,000, paragraphs numbered 4, 5, 9 and 10 of the complaint contained, in brief, the following information: Paragraph 4 identified Dr. Ravetz as a duly licensed practicing physician; paragraph 5 averred delivery on December 15, 1951 of 100 vials of the antibiotic by defendant to Dr. Ravetz, to be used for injection into the bodies of human beings; paragraph 9 listed the respects in which the defendant was negligent in connection with the antibiotic; and paragraph 10 stated that the minor plaintiff suffered pain and was prevented from attending school as a result of being treated with the antibiotic.

In October of 1953, Dr. Ravetz filed his answers to interrogatories propounded by the defendant in the related civil action no. 14,595. His answers gave a list of the patients, which included the Miller group, treated by him with the antibiotic supplied by defendant, the dates of the injections, the unfavorable reactions and the subsequent treatments.

On November 10, 1953, the Miller group filed its petition, consisting of thirty-seven paragraphs, under Rule 20 (a) of the Federal Rules of Civil Procedure, 28 U.S.C., for permission to be joined as plaintiffs in the action before

1. At the time this action was brought, Dr. Ravetz also filed an action (Elkin Ravetz v. The Upjohn Company, civil action no. 14,595) against the same defendant seeking to recover damages for alleged impairment of reputation and loss of earnings as a result of the reactions in patients treated by him with the alleged defective antibiotic.

**68**

us. Paragraphs 1 to 3 of the petition asserted diversity of citizenship and the jurisdictional amount as the grounds for this court's jurisdiction over the subject matter. Paragraph 4 averred:

"4. Marlene Miller, a minor, by her guardians, Harry Miller and Claire Miller, his wife, and Harry Miller and Claire Miller in their own right, 3202 W. Columbia Avenue, Philadelphia, Pa., petitioning for permissive joinder as plaintiffs in the above action, reallege paragraphs 4, 5, 9 and 10 of the above original complaint."

The remaining petitioners were listed in separate paragraphs, nos. 5 to 35 inclusive, each of which, after identifying them, reaverred the last part of paragraph 4, viz., "petitioning for permissive joinder as plaintiff in the above action, reallege paragraphs 4, 5, 9 and 10 of the original complaint." The remaining two paragraphs made the following requests:

"36. Petitioning plaintiffs, through their counsel, respectfully ask leave of the Court to submit a complete allegation of damages as soon as such information is available.

"37. Plaintiffs, through their counsel, respectfully ask leave of the Court to permit the Permissive Joinder of additional plaintiffs who may in the future join and whose names are not now known, but whose right of action arises from the same series of transactions."

Defendant opposed the petition on jurisdictional grounds. However, on December 18, 1953, this court allowed the persons listed in the petition to be joined as party plaintiffs.

On July 26, 1954, the Miller group filed a petition for leave to amend the complaint so as "to better indicate the true and correct causes of action of the several Plaintiffs." No copy of the amended complaint or a paper indicating in what way the complaint was to be amended

accompanied the petition. In answer to this petition, defendant averred that the alleged claims of the Miller group have never been previously stated of record, and that it is too late for them to attempt to state them now because such claims are barred by the two-year statute of limitations.

On June 30, 1954, the Friedenberg group filed a petition for leave to be joined as additional plaintiffs in the original action. Relying on the information in this group's answers to interrogatories, revealing that the most recent injection any of them received was on February 28, 1952, defendant, in his answer to the petition for joinder, raised the defense of the Pennsylvania two-year statute of limitations.

I. Does the Pennsylvania six-year statute (for breach of contract or of warranty), 12 P.S.Pa. § 31, or the two-year statute of limitations apply here.

Section 2 of the Act of 1895, P.L. 236, 12 P.S. § 34, states: "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case [sic] where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards * * *." In Jones v. Boggs & Buhl, Inc., 1946, 355 Pa. 242, 49 A.2d 379, although judgment for defendant was reversed in order to allow the recovery for the amount paid on account of the price of a coat, the Supreme Court of Pennsylvania approved the trial judge's directed verdict in favor of the seller of a fur coat from which the plaintiff contracted a skin disease, the suit being in assumpsit for breach of warranty after more than two years had elapsed from the time plaintiff became ill. At page 245 of 355 Pa., at page 381 of 49 A.2d of the opinion, the Court said, in referring to § 2 of the Act of 1895: "It imposes the period of limitation on the cause of action, instead of annexing it to the form of the action * * *." [2] It

2. Paragraph No. 4 of the syllabus to the opinion states: "Damages for personal injuries resulting from breach of warranty, may not be recovered in an

is perfectly clear, we think, that the two-year statute of limitations is to be applied to the claims in the instant action.

II(a). Has the Miller group set forth claims within the two-year period allowed by § 2 of the Act of 1895.

Rule 8(a) of the Federal Rules of Civil Procedure provides: "(a) Claims for Relief. A pleading which sets forth a claim for relief * * * shall contain * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. * * *" Were we to apply this Rule literally and confine ourselves to paragraphs 4, 5, 9 and 10 of the original complaint, it would appear that the petitioners have not stated claims showing that they are entitled to relief. But the mandate of the cardinal rule of the Federal Rules prevents us from making such an application. Rule 1, 2 Moore's Fed. Pract. (2d Ed.) § 1.13. Keeping this rule in mind and the manner in which the Courts have applied Rule 8(a)[3], we proceed with the task at hand.

The petition, we think, by its reference to certain paragraphs of the original complaint would put any reasonable person in the position of the defendant on notice that the petitioners were asserting that they too had been treated with the antibiotic by Dr. Ravetz, or possibly some other physician, and that an unfavorable and harmful bodily reaction was caused by the substance, which was allegedly defective as the result of defendant's negligence. In other words, the information in the petition and Rule 20(a),[4] concerning permissive joinder of plaintiffs in one action, informed the defendant that the petitioners were asserting against it claims similar to or growing out of occurrences or series of occurrences similar to that stated in the original complaint.

It is true that no formal demand for relief appears in the petition. However, that is not fatal to petitioners. The mere fact, it seems to us, that they sought to be joined in the action, and the conditions stated in Rule 20(a) are enough to advise the defendant that petitioners have been seeking damages for injuries received.

Moreover, defendant was not misled or prejudiced by the meager allegations of the petition. It does not pretend otherwise. It was quite apparent to defendant that the individuals in the Miller group were not joining in the claim of Jane Ravetz or claiming through her. The reference to paragraph 10 of the original complaint by the petitioners was solely for the purpose of indicating that they also suffered pain as a result of the treatment, and, in the case of a minor, he or she, like Jane Ravetz, was prevented from attending schohol as a result of the injury. Therefore, in our opinion, the Miller group has set forth timely claims.

II(b). Has the Friedenberg group set forth claims within the two-year period.

As for this group it seems to us that the record at this time does not contain sufficient facts for us to make a finite ruling. We will, therefore, allow the petition and permit the Friedenberg group to be joined as plaintiffs in this action without prejudice to defendant to reassert the defense of the statute of limitations when the requisite facts appear of record.

Accordingly, as for the Miller group, defendant's defense of the statute of limitations will be overruled, and the petition to amend the complaint will be allowed;

---

action of assumpsit instituted more than two years after the injuries were received: Act of June 24, 1895, P.L. 236, § 2."

3. See Continental Colliers, Inc., v. Shober, 3 Cir., 1942, 130 F.2d 631; Van Dyke v. Broadhurst, D.C.M.D.Pa.1939, 28 F.Supp. 737; 2 Moore's Fed.Pract. (2d Ed.) § 8.13.

4. The rule, in part, provides: "(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

concerning the Friedenberg group, defendant's defense to the petition will be overruled without prejudice, and the petition for permissive joinder will be allowed.