William BERG, Jr.
v.
REMINGTON ARMS COMPANY.
Civ. A. No. 30033.

United States District Court
E. D. Pennsylvania.
June 29, 1962.

Berger & Stein, Philadelphia, Pa., for plaintiff.

J. B. H. Carter, Philadelphia, Pa., for defendant.

LUONGO, District Judge.

On December 26, 1952, defendant's predecessor sold and delivered to Phoenix Supply Company a chain saw which it had manufactured. Thereafter (when

and how is not revealed in the record) Phoenix Supply Company transferred the chain saw to Town Supply Company which, on May 25, 1960, rented it to plaintiff's employer. On that date plaintiff was injured while using the chain saw. Plaintiff instituted suit against defendant on August 3, 1961 alleging as the basis for recovery a breach of the implied warranties of merchantability and fitness for purpose. The complaint contains no allegations of negligence.

Defendant has moved for summary judgment under Rule 56 on the ground that plaintiff's claim is barred by the six year Statute of Limitations applicable to actions for breach of contract, 12 P.S. § 31.[1] Plaintiff urges that his claim should not be summarily dismissed relying on the provisions of 12 P.S. § 34 which provides:

"*Limitation in cases of personal injury* Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case [sic] where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; * * * *"

■ If the limitation period for contract cases is applied to the instant case, plaintiff's suit is barred. An action for breach of contract must be commenced within six years from the accrual of the cause of action. 12 P.S. § 31. In warranty cases, unless there is an express agreement to the contrary, the cause of action accrues at the time when delivery is made. At that point there has been a breach and suit may be instituted. Woodland Oil Company v. A. M. Beyers & Company, 223 Pa. 241, 72 A. 518 (1909). The sale and delivery of the chain saw were made in 1952, therefore, the Statute of Limitations on an action for breach of warranty would have run in 1958, long before the present suit was instituted.

■ Plaintiff contends, however, that this limitation period does not apply where personal injuries result from a breach of warranty. He contends that in such cases the limitation period is that set forth in 12 P.S. § 34, i. e. two years from the date the injury was wrongfully done. Under this Section the cause of action for personal injury does not accrue until the injury is actually incurred and the two year limitation period does not commence to run until that date.

The question before the Court, therefore, is whether in an action for personal injuries based solely on a breach of warranty, the contract limitation period (six years from sale and delivery) or the personal injury limitation period (two years from injury) or both limitation periods are applicable.

■ From a review of the cases applying Pennsylvania law, the following principles appear:

(a) Where the "wrong" causing the injury consists of a negligent act or omission done many years before injury is actually sustained, but suit is instituted within two years from the date of the injury caused by the negligent act, the cause of action accrues and the limitation period commences to run from the date of injury. Ayers v. Morgan, 397 Pa. 282, 154 A.2d 788 (1959); Foley v. The Pittsburgh-Des Moines Company, 363 Pa. 1, 68 A.2d 517 (1949); DiGironimo v. American Seed Co., 96 F.Supp. 795 (D.C.E.D.Pa.1951).

■ (b) Where the "wrong" causing the injury is a breach of warranty and suit is instituted within the six year contract limitations period but beyond two years after the date of injury, the suit is barred. Jones v. Boggs & Buhl, Inc., 355 Pa. 242, 49 A.2d 379 (1946); cf. Ravetz v. Upjohn Company, 138 F. Supp. 66 (D.C.E.D.Pa.1955).

■ (c) Where suit is brought to recover consequential damages (not involv-

1. The sale by defendant occurred prior to the adoption in Pennsylvania of the Uniform Commercial Code 12A P.S. § 1–101 et seq. which in § 2–725 provides a four year period of limitations for breach of contract of sale.

68

ing personal injuries) based on a breach of warranty, the cause of action accrues when the breach occurs, i. e. on the date when the defective product was delivered. The action is barred by the six year period of limitations computed from the date of the delivery and not from the date the consequential damages are sustained. Woodland Oil Company v. A. M. Beyers & Company, supra.

■ No case applying Pennsylvania law has been found ruling on the precise situation here presented.[2] The Appellate Division of the Supreme Court of New York faced with the same problem held that the passage of the contract limitation period was a bar to suit on those counts based on breach of warranty but not those based on negligence. Kakargo v. Grange Silo Company, Inc., 11 A.D.2d 796, 204 N.Y.S.2d 1010 (1960).

■■ It appears to the Court that under Pennsylvania law an action for personal injury, *based on breach of contract,* is subject to and must meet the requirements of both the limitation period for breach of contract and the limitation period for personal injury. Thus, suit will be barred upon the expiration of either, whichever first occurs. On the other hand, an action for personal injury based on negligence is subject only to the two year period of limitation which commences to run from the date of injury, regardless when the negligent act was done.

■ There is no allegation of negligence before the Court. Plaintiff's failure to include a count charging defendant with negligence apparently was not inadvertent. It was the subject of discussion at the time of oral argument and was mentioned thereafter in the supplemental brief filed in letter form on April 10, 1962 by counsel for plaintiff.

An action for personal injuries based on a charge of negligence would have been timely filed as late as May 25, 1962. From plaintiff's failure to move to include a count charging negligence, the Court can only conclude that plaintiff has no basis for such a charge and that his claim is one based entirely on the breach of warranties alleged in the complaint. That being so, the Statute of Limitations ran in 1958 and this suit instituted in 1961 is barred.

## ORDER

And Now, this 29th day of June, 1962, it is Ordered that summary judgment be and it is hereby entered in favor of defendant, Remington Arms Company.

---

2. It would indeed be anomalous if the Act of 1895, now contained in 12 P.S. § 34 could be used to eliminate the contract limitation period for personal injury actions, thereby increasing the period during which an action founded on breach of contract may be brought. From Rode-

baugh v. Traction Company, 190 Pa. 358, 42 A. 953 (1899), one of the first cases to construe the Act of 1895, it is clear that the legislature in passing the Act was attempting to decrease the period during which actions for personal injuries could be brought, and not increase it.