**David WEBSTER, Jr.**

v.

**GREAT AMERICAN INSURANCE CO.**

**Civ. A. No. 82–1330.**

United States District Court,
E. D. Pennsylvania.

Aug. 2, 1982.

Walter M. Phillips, Jr., Philadelphia, Pa., for plaintiff.

Stanley B. Edelstein, Philadelphia, Pa., Shayle Fox, Chicago, Ill., for defendant.

MEMORANDUM

LUONGO, Chief Judge.

Plaintiff, David Webster, Jr., brought this action under the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951 *et seq.*, alleging that he was the victim of age discrimination. Great American Insurance Co. (GAI), the defendant, has moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the

complaint on the ground that the action is barred by the statute of limitations or the doctrine of laches. For purposes of this motion, I accept the truth of the well-pleaded allegations in the complaint.[1]

The complaint reveals that plaintiff was employed by GAI as a claims adjuster from April 1970 until his discharge on August 23, 1976. Plaintiff was 55 years of age when his employment with GAI was terminated. He was replaced by a man 30 years of age. On November 17, 1976, within ninety days of the alleged discriminatory firing, plaintiff filed a complaint with the Pennsylvania Human Relations Commission (the Commission). One year elapsed and the Commission still had not dismissed or conciliated plaintiff's claim. The Commission, however, "annually notified the plaintiff of its continuing attempts to conciliate" his case. (Complaint ¶ 23). Finally, on February 19, 1982, plaintiff filed the instant complaint seeking (1) to enjoin GAI from further violations of the PHRA, (2) reinstatement, and (3) "damages." For the reasons hereinafter stated, I will deny GAI's motion to dismiss the complaint.

The PHRA makes it unlawful for an employer, except where "based upon a bona fide occupational qualification," to discriminate in employment on the basis of race, color, religious creed, ancestry, age, sex, national origin or any other non-job related handicap or disability. 43 P.S. § 955. The PHRA creates a private right of action, but before an aggrieved individual may seek relief in the courts, he must first resort to the administrative procedures set forth in the PHRA. *Id.* § 962(c). Specifically, the individual must file, within ninety days of the alleged discriminatory act or practice, a complaint with the Commission, *id.* § 959, which then has exclusive jurisdiction over the matter for a period of one year to investigate the charges and, if possible, conciliate the complainant's claim. *Lukus v. Westinghouse Electric Corp.*, 276 Pa.Super. 232, 419 A.2d 431 (1980). Only after the

one year period has elapsed may the aggrieved party seek relief in the courts:

> If within one (1) year after the filing of a complaint with the Commission, the Commission dismisses the complaint or has not entered into a conciliation agreement to which the complainant is a party, the Commission must so notify the complainant. On receipt of such a notice the complainant shall be able to bring an action in the courts of common pleas of the Commonwealth based on the right to freedom from discrimination granted by this act.

43 P.S. § 962(c).

Webster did file an administrative complaint within ninety days of the alleged discriminatory firing as required by the PHRA, and he did refrain from filing this court action until after he was notified by the Commission that it had been unsuccessful in conciliating his claim. The problem is that plaintiff did not institute these legal proceedings until nearly five and one-half years after the date of his discharge. GAI contends that this delay bars the plaintiff from recovery under the applicable statute of limitations or the doctrine of laches.

GAI's contention that laches bars plaintiff's action can be disposed of readily. There are two elements to the defense of laches, inexcusable delay in instituting suit, and prejudice to the defendant. *See In re Marushak's Estate*, 488 Pa. 607, 413 A.2d 649 (1980). Whether plaintiff is guilty of laches is a factual question which can be determined only upon an examination of all the circumstances surrounding the case. *See Mulholland v. Pittsburgh National Bank*, 418 Pa. 96, 209 A.2d 857 (1965). Thus, as a general rule, the issue of laches is not properly decided on the basis of pleadings alone. *See Muia v. Fazzini*, 416 Pa. 377, 205 A.2d 856 (1965). Since laches is addressed primarily to the court's discretion, *Anaconda Co. v. Metric Tool & Die Co.,*

---

[1] Plaintiff has submitted correspondence to support the argument advanced in his memorandum of law in opposition to GAI's motion to dismiss. I have not considered these materials, however, because this motion is subject to disposition solely pursuant to Fed.R.Civ.P. 12(b)(6).

485 F.Supp. 410 (E.D.Pa.1980), it would be inappropriate to decide that issue on the present limited record.

GAI's contention that plaintiff's action is barred by the statute of limitations raises initially the question of the accrual date of plaintiff's cause of action. GAI contends that plaintiff's action accrued on August 23, 1976, the date of his discharge, or in the alternative, on November 17, 1977, one year after plaintiff filed his complaint with the Commission. Plaintiff, on the other hand, contends that his cause of action did not accrue until the fall of 1980, when the Commission last notified him that it was continuing its attempts to conciliate his case. Fortunately, I need not resolve this novel question of Pennsylvania law, for I conclude that a private cause of action under the PHRA is subject to the six-year limitations period set forth in 42 Pa.Cons. Stat. § 5527(6). Therefore, even assuming that plaintiff's action accrued on the earliest possible date, August 23, 1976, the action is timely under the six-year statute.

As discussed earlier, the PHRA sets forth with particularity the prerequisites to an individual's right to seek relief in the courts for a violation, but it does not provide a statute of limitations on the right of action. Accordingly, the applicable statute of limitations must be found in chapter 55 of title 42 of the Pennsylvania Consolidated Statutes. 42 Pa.Cons.Stat. § 5501(a).

GAI contends that the limitations period that applies to plaintiff's claim is supplied by 42 Pa.Cons.Stat. § 5524(2), which places a two-year limitation on actions "to recover for injuries to the person . . . ." Reasoning that plaintiff is seeking to enforce a personal right, the right to be free from discrimination, GAI argues that plaintiff's action is most closely akin to an action for personal injury. Moreover, GAI asserts that a two-year statute is sensible because it is consistent with (1) the two-year limitation applicable to suits under Pennsylvania's Equal Pay Act, 43 P.S. § 336.5(b), and (2) Pennsylvania's policy of applying a relatively shorter statute of limitations to causes which are provable primarily by live testimony.

Webster disputes GAI's characterization of his age discrimination suit as an action to recover damages for injury to the person. He argues that his employment discrimination suit under the PHRA does not fall neatly within one of the categories for which a specific statute of limitations is prescribed, and that, therefore, his cause of action is subject to the six-year residual statute of limitations codified at 42 Pa. Cons.Stat. § 5527(6).[2]

Although the Pennsylvania state courts have not addressed the issue, based upon *Davis v. United States Steel Supply*, 581 F.2d 335 (3d Cir. 1978), and my recent decision in *Clyde v. Thornburgh*, 533 F.Supp. 279 (E.D.Pa.1982), I hold that the six-year statute of limitations contained in 42 Pa. Cons.Stat. § 5527(6) applies to employment discrimination suits under the PHRA. In *Davis*, suit was brought under 42 U.S.C. § 1981 for discrimination in employment based on race. While the instant case is predicated on state law, *Davis* is nevertheless instructive because one of the issues there was which state law statute of limitations would apply if the plaintiff's § 1981 action had been brought under Pennsylvania law seeking similar relief. Thus, the *Davis* court was confronted with the task of determining the most appropriate forum statute of limitation to apply to a suit for employment discrimination. This is essentially the task now before me.

Before discussing *Davis*, I must point out that the holding in that case is not dispositive of this motion. *Davis* was decided under Pennsylvania's old scheme of statutes of limitations, under which all actions for damages for personal injuries were subject to a two-year limitations period, 12 P.S.

---

2. 42 Pa.Cons.Stat. § 5527(6) provides:

The following actions and proceedings must be commenced within six years:

. . . .

(6) Any civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitation by section 5531 (relating to no limitation).

§ 34 (Purdon 1953), and virtually all other claims (with exceptions not pertinent herein) were subject to the six-year period contained in 12 P.S. § 31 (Purdon 1953). *Clyde v. Thornburgh, supra,* 533 F.Supp. at 285. Nevertheless, *Davis* provides valuable insights because the defendant in that case made the same argument GAI now advances, namely, that a claim for employment discrimination is most akin to an action for injury to the person. The *Davis* court rejected the argument, stating that the injury to the person language of 12 P.S. § 34 was intended to encompass only bodily injury. *Davis v. United States Steel Supply, supra,* 581 F.2d at 338. The court reasoned that the plaintiff's employment discrimination suit was more closely analogized to a cause of action for either the wrongful discharge of an at-will employee or the tortious interference with another's contractual or economic relationships, but the court declined to classify the plaintiff's claim as a contract action or a tort action not involving bodily injury because, in either event, the six-year limitation period of 12 P.S. § 31 would apply. *Id.* at 341.

Applying the teaching of *Davis* to the limitations scheme presently in force in Pennsylvania, leads me to conclude that the two-year limitation for actions to recover damages for injuries to the person, 42 Pa. Cons.Stat. § 5524(2), does not pertain to employment discrimination suits under the PHRA.[3] 42 Pa.Cons.Stat. § 5524(2) is derived from 12 P.S. § 34, 42 Pa.Cons.Stat. § 5524(2), Official Source Note, and continues to use the injury to the person language construed in *Davis* to mean "bodily injury."[4] Hence, I cannot accept GAI's argument that plaintiff's action is essentially one for personal injury.

The only remaining point which bears discussion is whether a suit under the PHRA does indeed fall within the residual provision or whether such a suit may be characterized as an action for breach of a contract implied by law and therefore subject to the four-year limitation of 42 Pa. Cons.Stat. § 5525(4). On the basis of my decision in *Clyde v. Thornburgh, supra,* I conclude that plaintiff's action falls within the six-year residual statute of limitations contained in 42 Pa.Cons.Stat. § 5527(6). In *Clyde,* I determined that a claim under 42 U.S.C. § 1983 for unconstitutional discharge was "most akin to the tort cause of action for wrongful discharge of at-will employees." 533 F.Supp. at 285. In addition, I examined the relevant case law under Pennsylvania's new statutes of limitations scheme and concluded:

> subject to six-month residuary statute of limitations for actions against government officials), those decisions clearly have no bearing on this case. Although damages for emotional distress constitute a portion of the total damages sought by plaintiff in this case, the gravamen of plaintiff's complaint is that he was discriminated against in employment because of his age. Under *Davis,* this action is not one for injury to the person.

**3.** GAI's reliance on my decision in *Berg v. Remington Arms Co.,* 207 F.Supp. 65 (E.D.Pa.1962), is misplaced. In *Berg,* I held that "an action for personal injury, based on breach of contract, is subject to ... both the limitation period for breach of contract and the limitation period for personal injury." *Id.* at 68 (emphasis deleted). Since I conclude that an action under the PHRA is not an action for personal injury, *Berg* is inapposite. Similarly, I am unpersuaded by GAI's reliance on *West v. Williamsport Area Community College,* 492 F.Supp. 90 (M.D.Pa.1980), and *Mazur v. Department of Revenue,* 516 F.Supp. 1328 (M.D. Pa.1981). *West* and *Mazur* held that a suit by a public employee terminated without procedural due process is most analogous to a cause of action for the intentional infliction of emotional distress and therefore subject to the two-year statute of limitations for personal injury actions. Assuming *arguendo* that *West* and *Mazur* are still good law, which is questionable, *cf. Reuben v. O'Brien,* —— Pa.Super. ——, 445 A.2d 801 (1982) (action against public official for negligent infliction of emotional distress is

**4.** 42 Pa.Cons.Stat. § 5524(2) is derived from 12 P.S. § 34, which prior to its repeal provided:

§ 34. Limitation in cases of personal injury
Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law. 1895, June 24, P.L. 236, § 2.

Review of the Pennsylvania limitations scheme fails to reveal any specific period applicable to claims for the specific tort of wrongful discharge or the more generalized species of tort for interference with contractual or economic relations. *See Riccobono v. Whitpain Township*, 497 F.Supp. 1364, 1375 (E.D.Pa.1980). Further, those cases which have considered such torts have looked to the residuary statutes for the applicable period. *See, e.g., Riddick v. Cuyler*, slip op. No. 81–246 (E.D.Pa. July 16, 1981) (§ 1983 action for unconstitutional discharge); *Culbreth v. Simone*, 511 F.Supp. 906, 916 (E.D.Pa. 1981) (diversity action for fraud and tortious interference with business relationships); *Riccobono v. Whitpain Township, supra*, 497 F.Supp. at 1374–75 (§ 1983 action analogized to "malicious interference with a prospective contractual relation").

*Id.* at 286. Thus, in determining that the Pennsylvania common law cause of action for wrongful discharge is subject to the residual statute of limitations,[5] I implicitly held that such an action should not be characterized as one for the breach of a contract implied by law. The result should be the same with respect to a suit under the PHRA. Like the judicially created cause of action for wrongful discharge, the private right of action under the PHRA is intended to impose some restraints on the historical rule that, in the absence of a contractual or statutory provision to the contrary, employment is terminable at will. *See Bonham v. Dresser Industries, Inc.*, 569 F.2d 187, 195 (3d Cir. 1977), *cert. denied*, 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). Since the common law action is clearly tortious in character, *Clyde v. Thornburgh, supra*, there is no reason to treat the statutory right created by the PHRA any differently.

Having concluded that plaintiff's cause of action under the PHRA is subject to the six-year statute of limitations contained in 42 Pa.Cons.Stat. § 5527(6), I hold that plaintiff's complaint was timely filed and GAI's motion to dismiss will be denied.

---

5. In *Clyde*, I applied the six-month residuary statute of limitations contained in 42 Pa.Cons. Stat. § 5522(b)(1) because the defendants were government officials sued for acts done in the performance of their office. Where the defendant is a private person, the six-year residuary contained in 42 Pa.Cons.Stat. § 5527(6) applies in the absence of any specifically prescribed period of limitation.