Jones et ux., Appellants, *v.* Boggs & Buhl, Inc.

Argued October 3, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*William M. Ewing,* with him *Julius L. Schoenberg,* for appellants.

*J. Roy Dickie,* with him *H. R. Birmingham, H. A. Robinson* and *Dickie, Robinson & McCamey,* for appellee.

OPINION BY MR. JUSTICE LINN, November 8, 1946:

Plaintiffs, husband and wife, appeal from judgment on a verdict directed in favor of the defendant. They declared in assumpsit for breach of contract of sale of a coat with a fur collar. The wife plaintiff acquired a painful skin disease from the fur collar. The affidavit of defense put in issue the warranty alleged by the plaintiff and also set forth that the action was barred by the Act of 1895, P. L. 236, 12 P.S. 34, providing that suits "brought to recover damages for injury wrongfully done to the person, in case the injury does not result in death, must be brought within two years . . ."

During the examination of the plaintiff, Mrs. Jones, it appeared that suit was not brought until about 3½ years after she became ill, whereupon a conference was held by court and counsel, which led to the direction of a verdict for defendant[1] on the ground that the suit was barred by limitation.

---

[1] We quote the following from the opinion filed by the trial judge in refusing a new trial: "After a lengthy argument, the court indicated to counsel that it was the opinion that since this suit was filed more than two years after the alleged injuries, and since this is a suit primarily for injuries to the person, the plaintiffs in this suit could not prevail. The problem then was one of procedure, and it was agreed that counsel for plaintiff would put Mrs. Jones on the stand, have her testify as to the time she purchased the coat, and also as to the time when the alleged injuries occurred. It was further agreed that the record would then be offered in evidence to show that this suit was not filed until 1943, about three and one-half years after the injuries, and that thereafter judgment would be entered for the defendant. Any additional testimony offered by the plaintiffs would have dealt exclusively with the seriousness. of the injuries and the damages resulting therefrom. That procedure was followed after which counsel for the defendant moved the court to grant binding instructions in favor of the defendant, and the jury was directed to find a verdict in favor of the defendant. If there was

The appellants contend their action is governed by the Act of 1713, 1 Sm. L. 76, prescribing six years as the limitation for suits for breach of contract. They also contend that the transaction is governed by the Sales Act of May 19, 1915, P. L. 543, 69 P.S. 314, particularly paragraphs first and second of section 15,[2] and paragraph sixth of section 69, 69 P.S. 314, providing: "The measure of damages for breach of warranty is the loss directly and naturally resulting in the ordinary course of events, from the breach of warranty."

Suit for breach of contract will lie: *Bonenberger v. Pittsburgh Mer. Co.*, 345 Pa. 559, 28 A. 2d 913. The meager evidence given by Mrs. Jones before her examination ceased would support a finding of a breach of contract entitling her to nominal damages at least: *Clark v. Penna. R. R. Co.*, 145 Pa. 438, 22 A. 989; *Adams Express Co. v. Egbert*, 36 Pa. 360. But the jury may find from her evidence that she should recover back the $22.00 paid on account of the price of the coat on a credit payment plan; she testified that after she took the coat "back to them [defendant] to see if they would not do something about it . . . they took the coat from me and said they would have to take it up with the manager." When she returned for the coat the defendant refused to give it back.

Plaintiffs may not now recover for the results of the personal injury. Section 2 of the Act of 1895, P. L. 236, 12 P.S. 34, provides: "Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death,

---

any objection from counsel for the plaintiffs, it was only to the entry of judgment for the defendant, and not to the form in which it was entered."

[2] See *Bonenberger v. Pittsburgh Mer. Co.*, 345 Pa. 559, 28 A. 2d 913; 4 Williston, Contracts, section 982; *Grant v. Australian Knitting Mills* [1936] A.C. 85, construing the same sections in the English Sale of Goods Act.

must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law." This statute was considered in *Rodebaugh v. Phila. Traction Co.*, 190 Pa. 358, 42 A. 953. It imposes the period of limitation on the cause of action, instead of annexing it to the form of the action, as was done in the Act of 1713, supra. It is conceded that the plaintiff suffered from an "injury wrongfully done to the person" and that the injury resulted from wearing the defective coat. Her injury, as an element of damage, is squarely within the words of the Act of 1895, so that the question is whether she may avoid the Act of 1895 by declaring as for breach of contract and thereby enlarge the period in which she may sue, notwithstanding the two year limitation. We have not been referred to any case in this or the Superior Court in which the question was considered. In some states it has been decided that when the period of limitation is imposed on the cause of action, a plaintiff cannot avoid it by declaring in contract: *Basler v. Sacramento Electric Co.*, 166 Cal. 33, 134 Pac. 993; *Handtoffski v. Chicago Traction Co.*, 274 Ill. 282, 113 N.E. 620; *McDonald v. Camas P. R. R. Co.*, 180 Wash. 555, 38 P. 2d 515; *Griffin v. Woodhead*, 30 R.I. 204, 74 A. 417; *Bodne v. Austin*, 156 Tenn. 352, 2 S.W. (2d) 100. In a New York City Court the same rule was applied: *Schlick v. N. Y. Dugan Bros. Inc.*, 22 N.Y.S. (2d) 238. This view has been adopted in several of our courts of common pleas. In *Boroswitz v. Union Traction Co.*, 8 Pa. Dist. Rep. 676, the subject was considered by President Judge ARNOLD, of Common Pleas No. 4. Plaintiff, while a street car passenger, was injured, and after the two-year period, sued on the contract to transport, asserting that he had six years to sue in that form. Judge ARNOLD held that regardless of the form in which the action was brought the Act of 1895 required it to be brought in two

years. *Henkel v. Beitsch,* 22 Pa. Dist. Rep. 895, in the common pleas of Beaver County, was an action for malpractice in a surgical operation brought after the expiration of two years. The court held that while plaintiff could elect to sue in either form of action, the general language of the Act of 1895 prevented recovery unless the suit was brought within two years. *Bradley v. Laubach,* 23 Pa. Dist. Rep. 151, was an action in assumpsit against a druggist for wrongly compounding a prescription. Judge FERGUSON held the action barred after two years. *Nightlinger v. Johnson,* 18 Pa. D. & C. Rep. 47, was an assumpsit to recover for malpractice; President Judge FINLETTER held the Act of 1895 a bar. There is good reason for the rule. Statutes of limitation are based on the necessity of ending litigation. As the legislature in the Act of 1895 declared two years a reasonable period in which to bring a suit to recover for personal injuries, the courts should not extend that time by allowing a party to keep alive the right to sue by electing to sue in one form of action instead of another. Compare *Reel's Estate,* 272 Pa. 135, 116 A. 107, in which it was held that a creditor, whose claim against a decedent's estate was allowed at the audit of the executor's account but who failed to establish his lien on the decedent's real estate, may not share in the proceeds of the sale of that real estate for the payment of debts.

The court was therefore correct in concluding that the damages for wrongful injuries to the person could not be recovered in this suit. As there was error in not allowing recovery for the amount paid on account of the price of the coat, we must reverse the judgment and grant a new trial.

Judgment reversed; new trial granted.