Joseph **THOMPSON** and Leola Thompson, His Wife, Appellants,

v.

**HARRY C. ERB**, Inc.

No. 11940.

United States Court of Appeals
Third Circuit.

Argued Oct. 5, 1956.

Decided Jan. 16, 1957.

Samuel P. Lavine, Philadelphia, Pa. (Blanc, Steinberg, Balder & Steinbrook, Philadelphia, Pa., on the brief), for appellants.

Joseph X. Heincer, Philadelphia, Pa. (Robert C. Kitchen, Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In 1953, defendant-appellee entered into a contract with the City of Philadelphia to repair and repave the track area of Lancaster Avenue, Philadelphia from 50th Street to 51st Street. By the contract, the defendant (party of the second part) agreed inter alia as follows:

"Party of the second part shall be alone liable and responsible for, and shall pay, any and all loss and damage sustained by any person or party either during the performance or subsequent to the completion of the work covered by this agreement by reason of injuries to person and damage to property * * * that may occur either during the performance or subsequent to the completion of the work covered by this agreement, or that may be sustained as a result or consequence thereof, *irrespective* of whether or not such injuries or damage be due to negli-

gence or to the inherent nature of the work." (Emphasis supplied.)

In the course of the performance of the contract work, the defendant excavated a portion of Lancaster Avenue. On or about April 7, 1953, plaintiffs suffered personal injuries and property damage when their automobile fell into the excavation made by the defendant.

On October 19, 1955, the plaintiffs filed this diversity action in the district court. The claim for damages for personal injuries is in excess of the requisite $3,000. The claim for property damage is less than $3,000, so that federal jurisdiction is dependent on the claims for personal injuries.

The original complaint is titled as "Complaint in Assumpsit". It is divided into two causes of action. The first relies on the theory that plaintiffs are third-party beneficiaries of the contract between the defendants and the City by virtue of the above-quoted paragraph. It further alleges the following:

"* * * The said defendant thereby created a pit, excavation or depression in the said highway which constituted a *danger and hazard* to travel upon the said highway." (Emphasis supplied.)

The alternative cause of action alleges defendant's negligence in numerous acts and omissions surrounding the accident.

On motion, the complaint was dismissed for failure to state a claim upon which relief can be granted.[1] D.C., 138 F.Supp. 342. The court held that the action was governed by Pennsylvania law, and therefore the claims for personal injuries were barred by Section 2 of the Act of 1895, P.L. 236, 12 P.S. § 34 which reads:

"Every suit hereafter brought to recover damages for injury *wrongfully done* to the person, in case where the injury does not result in death, must be brought within two

[1] While characterized motion for summary judgment, there remained issues of fact in this suit and the reasoning of the district court indicates dismissal on a question of law.

years from the time when the injury was done and not afterwards; \* \* \*" (Emphasis supplied). Accordingly, on February 15, 1956, judgment was entered dismissing the claims for personal injuries on that ground, and dismissing the property damage claim for lack of jurisdiction. It is from that judgment this appeal was taken on April 13, 1956. Thereafter, the record was transmitted to this court on May 14, 1956. On May 22, 1956, the parties stipulated that an amended complaint be substituted for the original complaint, which stipulation was approved by the order of the district judge filed May 23, 1956. The amended complaint is substantially the same as the original first cause of action except that the above quoted allegation regarding danger and hazard is deleted.

■ The attempted substitution of the amended complaint is ineffective. The signature of the district judge on the stipulation gives no life to the amended complaint as the taking of the appeal had divested the district court of jurisdiction of the cause of action and transferred the latter to this tribunal. Secretary of Banking of Pennsylvania v. Alker, 3 Cir., 1950, 183 F.2d 429; Walleck v. Hudspeth, 10 Cir., 1942, 128 F. 2d 343. See 7 Moore's Federal Practice, 2nd ed. 73.13.

■ Appellants contend the district court erred in dismissing their first cause of action because it is not "brought to recover damages *wrongfully* done to the person \* \* \*" and consequently is not barred by the expiration of the two year period in the Act of 1895, but is governed by the Act of March 27, 1713, 1 Smith's laws 76, Sec. 1, 12 P.S. § 31 which provides that all actions of "debt grounded upon any \* \* \* contract without specialty \* \* \* shall be commenced and sued within \* \* \* six years \* \* \*." Great emphasis is placed on the word "wrongful" in the Act of 1895, and it is argued the injuries to the plaintiff were not "wrongful". It is conceded that if the injuries were "wrongfully done" the action is barred though in contract since the Pennsylvania Supreme Court has specifically so held in Jones v. Boggs & Buhl, Inc., 1946, 355 Pa. 242, 49 A.2d 379. See also Nightlinger v. Johnson, 1932, 18 Pa.Dist. & Co.R. 47; Ravetz v. Upjohn Company, D.C.E.D.Pa.1955, 138 F.Supp. 66.

In Keefer v. Lombardi, 1954, 376 Pa. 367, 102 A.2d 695, the Supreme Court of Pennsylvania had before it a contract with the City of Philadelphia containing precisely the same "irrespective" clause as is before us. It was held there that the contractor had an absolute liability to pay for damage which was the immediate and direct result of the work performed under the contract. Reversal was sought on the ground that plaintiffs did not allege or prove negligence. In its opinion the court treats the factual situation as a matter of contractual obligation, pointing out at page 371 of 376 Pa., at page 697 of 102 A.2d that the "law of Pennsylvania is clearly in accord with the Restatement of the Law of Contracts, Section 145, on this subject: 'A promisor bound to the United States or to a state or municipality by contract to do an act or render a service to some or all of the members of the public, is subject to no duty under the contract to such members to give compensation for the injurious consequences of performing or attempting to perform it, or failing to do so, unless (a) an intention is manifested in the contract, as interpreted in the light of the circumstances surrounding its formation, that the promisor shall compensate members of the public for such injurious consequences \* \* \*' ". In illustration of the above principle, the following example, comparable to our present problem, is given: "3. A, a municipality, enters into a contract with B, by which B promises to build a subway and to pay damages directly to any person who may be injured by the work of construction. Because of the work done in the construction of the subway, C's house is injured by the settling of the land on which it stands. D suffers per-

sonal injuries from the blasting of rock during the construction. B is under a contractual duty to C and D."

Appellee argues that the instant agreement was solely intended to provide for compensation where there was common law liability. It is asserted that the reference to "negligence or the inherent nature of the work" bespeaks tort liability alone. To thus interpret the contract would read out of it the word "irrespective". With that word in the text, quite evidently the parties, having considered the conventional theories of common law tort liability, then specifically provided that compensation was to be paid regardless of whether there was such basis for recovery. Accordingly, the conclusion is inescapable that the compensation provided for by the contract was independent of common law liability.

The district court took the view that the contract merely "contained the customary save harmless agreement in favor of the City." [138 F.Supp. 343.] Appellee similarly contends the covenant is one of simple indemnity and cites authority to the effect that an indemnity contract does not impose an insuror's liability on the indemnitor. Perry v. Payne, 1907, 217 Pa. 252, 66 A. 553, 11 L.R.A.,N.S., 1173. That argument must fail for while the contract includes an indemnitor's responsibility, it is by its express term not limited thereto and extends the contractor's liability far beyond damages which might otherwise be recoverable from the municipality. Appellee in an effort to overcome the "irrespective" clause argues very well regarding the intention of the parties to this contract. However, the language is unambiguous. And the intent of the City to have protection given for all injuries and damages caused by the work without regard to limitations of conventional tort claims must be accepted from that final phrasing of the agreement. What the contractor may now protest it understood its liability to be, is hardly an appropriate consideration in the face of this detailed formal municipal contract, apparently awarded after publication of the terms and the receipt of bids from the public. Act of May 23, 1874, P.L. 230, Sec. 6, 53 P.S. § 282.

The suggestion that the consideration paid the contractor under the contract was inadequate to support the broad liability indicated is without merit. Flynn v. City of Philadelphia, 1901, 199 Pa. 476, 49 A. 249, is relied on for that thought. There the city sought construction of a contract containing an indemnity provision against " 'all suits or actions' " for any damages " 'by or from the contractor, his agents or servants, in performance of the work * * *.' " The Supreme Court of Pennsylvania held that the last quoted phrase limited the coverage of " 'all suits or actions' ", so that the contractor could not be held liable for the damages resulting from the negligence of the city officials in their supervision of the performance of the contract. There is comment in the opinion that any other construction of the clause would be " 'repugnant to reason and to natural justice' " because the liabilities might exceed the contract price. Flynn with only an indemnity clause involved is of no help. The word "irrespective" in the instant contract radically increases the protection afforded. And it was following the Flynn decision where Philadelphia was a party as here that "irrespective" was inserted in the City of Philadelphia agreement at bar which deals with work of the same nature as that contemplated in the Flynn contract. The serious practical question of the extent of appellee's possible liability in comparison to the value of the contract is not for this court. In appellee's type of work, the personal injuries and damages for which it may be liable without any express indemnity provision in its agreement with the owner may greatly exceed the consideration to be paid it though predicated merely on the usual duty of due care. The voluntary assumption of a substantially broader obligation would seem to be a business choice depending on various circumstanc-

es, none of which is pertinent on this appeal.

With the original complaint, which is all that is before us, stating a wrongful act in its first count and itemized negligence in its alternative count, as it stands, it is within the Jones v. Boggs and Buhl, Inc., supra, rule and under the two year statute of limitations. Absent those allegations, as we see it, the Jones opinion forces the conclusion that under Pennsylvania law the six year bar would apply to what would, in that event, be a straightaway contract action. The facts and precise question in the Jones opinion as stated in 355 Pa. at page 245, 49 A.2d at page 381 of that report were: *"It is conceded that the plaintiff suffered from an 'injury wrongfully done to the person,' and that the injury resulted from wearing the defective coat. Her injury, as an element of damage, is squarely within the words of the Act of 1895, so that the question is whether she may avoid the Act of 1895 by declaring as for breach of contract and thereby enlarge the period in which she may sue, notwithstanding the two year limitation."* (Emphasis supplied.) The all important element was that the injury had been wrongfully done. In Nightlinger v. Johnson, 1932, 18 Pa.Dist. & Co.R. 47, the court as in Jones, highlighted the restriction of the 1895 statute to injuries wrongfully done, holding at page 47: "Certainly the terms of the statute are both explicit and inclusive. No distinction is made by it between trespass and assumpsit, none between direct trespasses and trespasses on the case. The legislature made no attempt to classify actions to which the act should apply upon any of the bases just indicated. *On the contrary, it classified them simply into suits brought to recover damages for injuries wrongfully done to the person, on the one hand, and on the other, all other cases."* (Emphasis supplied.) The court went on to say "The act therefore applies to assumpsit brought to recover damages for personal injuries and to trespass suits brought for the same purpose". Reasonably, there is no contradiction in that statement with the court's above carefully considered interpretation of the Act. The latter does apply, as the court had already found, to all wrongfully done personal injuries even though sued in assumpsit. But there is nothing in the court's view as expressed to justify supposition that the court in its next sentence intended to brush aside the just pronounced rationale of its decision and so eliminate the key-words of the statute.[2] Pennsylvania law, as we view it, puts a suit by a person injured and damaged through being precipitated into the excavation involved under the six year statute of limitations where the cause is founded purely on the contract between appellee and the owner.

The judgment of the district court will be vacated and the cause remanded to that court to allow appellants an opportunity, if proper and desired, to perfect their contract cause of action by further steps in this litigation or, if necessary, a new suit and for any other and further proceedings not inconsistent with this opinion.

**2.** And see Ravetz v. Upjohn Company, supra, 138 F.Supp. at page 69, which also involved a wrongful injury and followed the Jones opinion.