## Engelman v. Eastern Light Co., Inc.

*Martin H. Philip*, for plaintiff.

*Murray Mackson* and *Jacob Philip*, for defendant.

HEIMBACH, P. J., November 9, 1962. — We learn from plaintiff's amended complaint in assumpsit, filed in the prothonotary's office on October 3, 1961, that on or about May 9, 1958, he was severely injured as a result of an electrical defect in a washing machine purchased from defendant March 22, 1958. His present suit arises out of an alleged breach of warranty. Plaintiff on April 8, 1961, filed his complaint in trespass for damages for the same injuries, alleging that the electrical defects resulted from a number of negligent acts and omissions on the part of defendant. Defendant filed its answer to plaintiff's complaint and in new matter averred that plaintiff's action was barred by the Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34, having been commenced more than two years after the action arose. Plaintiff then filed his amended complaint in assumpsit. Once again defendant answered and under new matter again pleaded the statute of limitations under the Act of June 24, 1895, supra, for the same reason.

On November 10, 1961, defendant filed its motion for judgment on the pleadings, averring:

"(1) Plaintiff instituted this action more than two years after his cause of action occurred and (the action) is barred by the Act of June 24, 1895, P. L. 236, section 2, 12 PS 34."

Defendant in its brief succinctly presents the question we are called upon to decide.

Must an action for personal injuries based solely on a breach of warranty be brought within the two-year personal injury limitation period under the Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34, as contended

by defendant, or may it be brought within the four-year contract limitation period under the Uniform Commercial Code of April 6, 1953, P. L. 3, sec. 2-725, as amended, 12A PS §2-725, as contended by plaintiff?

We are not aware that any court, either in Pennsylvania or elsewhere, has decided this precise question.

The Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34, (hereinafter called Act of 1895), provides:

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law."

The courts in Pennsylvania uniformly have held, prior to the adoption of the Uniform Commercial Code, that the limitation Act of 1895, supra, governs all actions for damages for personal injury whether the action arises out of contract or tort, and that suit must be brought within two years following the injury: Jones v. Boggs & Buhl, Inc., 355 Pa. 242, 49 A. 2d 379 (1946) ; Rodebaugh v. Philadelphia Traction Company, 190 Pa. 358; Nightlinger v. Johnson, 18 D. & C. 47; Bradley v. Laubach, 23 Dist. R. 151.

On June 29, 1962, Judge Luongo, in Berg, Jr., v. Remington Arms Company, Civil Action No. 30033 (USDC, E. D. Pa.), held that in an action for personal injury (which action arose before the adoption of the Uniform Commercial Code), based on breach of contract, the suit was subject to and must meet the requirements of both the limitation period for breach of contract (6 years) (Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 PS §31), and the limitation period for personal injury (2 years) (Act of 1895), and the suit will be barred upon the expiration of either, whichever first occurs.

Section 2-725 of the Uniform Commercial Code—Sales, as amended October 2, 1959, P. L. 1023, provides:

"(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

"(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

"(3) Where an action commenced within the time limited by subsection (1) is so terminated as to leave available a remedy by another action for the same breach such other action may be commenced after the expiration of the time limited and within six months after the termination of the first action unless the termination resulted from voluntary discontinuance or from dismissal for failure or neglect to prosecute.

"(4) This section does not alter the law on tolling of the statute of limitations nor does it apply to causes of action which have accrued before this Act becomes effective."

The Uniform Commercial Code became effective July 1, 1954: section 10-101. A sale of the washing machine after the effective date of the Uniform Commercial Code is a sales transaction under the code: section 2-106 (1).

Neither the six year limitation act for a suit on contracts (Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 PS §31) nor the two-year limitation act for a suit for damages for personal injuries (Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34) have been specifically

repealed by the Uniform Commercial Code, 12A PS §10-102. Section 10-103 provides:

"Except as provided in the following section [not applicable], all acts and parts of acts inconsistent with this Act are hereby repealed."

There, of course, cannot be any question that section 2-725 of the code, providing for a four-year statute of limitations for breach of any contract for sale, is inconsistent with that part of the Act of March 27, 1713, 1 Sm. L. 76, sec. 1, 12 PS §31, providing for a six-year statute of limitations on contract actions, and to that extent prevails over the Act of March 27, 1713: Statutory Construction Act, May 28, 1937, P. L. 1019, art. IV, sec. 66, 46 PS §566.

Although we do not have the benefit of any case decision to aid us in deciding the question before us, we have had called to our attention two law review articles bearing on the problem, one in Volume 15 University of Pittsburgh Law Review No. 4, page 541, entitled "Articles 2 and 6: Sales and Bulk Transfers," by Bernard D. Broeker;[*] and another in Volume 46 Massachushetts Law Quarterly 13 (1961), by Franklin N. Cunningham of the Boston bar, entitled "Confusion in the Statutes of Limitation—a Collateral Consequence of the Uniform Commercial Code."

Mr. Broeker states, at page 551:

"While we are on the subject, the Code establishes, in Sec. 2-725, a four year statute of limitations on an action for breach of a contract of sale. And, under the section, the parties may in the original agreement re-

---

[*] A.B., Univ. of Notre Dame, 1930; LL.B., Harvard Univ. 1933; member of New York bar; Assistant Secretary and Assistant to Vice President, Bethlehem Steel Company, Bethlehem, Pennsylvania; member of Committee on Proposed Uniform Commercial Code, and Chairman of Committee on Sales Transactions, of Division of Commercial Law, Section of Corporation, Banking and Business Law, American Bar Association.

duce this period to not less than one year, but they may not make it longer.

"The new four year statute will clearly supersede the existing six year limitation on ordinary actions for breach of sales contracts. There may be a question as to whether the new statute will have any effect on actions for breach of warranty resulting in personal injury. The present law has a two year statute on every suit to recover damages for personal injury not resulting in death[53] and our Supreme Court has held that this statute is applicable to all actions for personal injury even though the injury occurs because of a breach of warranty and the action is one for damages for the breach.[54] The basis of that holding, and of a number of lower court holdings to the same effect, is that the legislature has singled out suits for personal injuries as deserving of a short statute of limitations and that therefore where the real basis of a claim is personal injury, the two year statute applies. It seems pretty clear to me that there is no reason to think that the special four year statute in the new Sales Article will affect that reasoning or result in any change in the present law in that respect."

Mr. Cunningham states:

"This section [Section 2-725] is applicable to actions for personal injuries in view of the provisions of Section 2-715 (2) that 'Consequential damages resulting from the seller's breach include . . . (b) injury to person or property proximately resulting . . .' therefrom.

"It is thus clear that as to any action for personal injury arising out of a breach of warranty, if the provisions of the Code are controlling, the cause of action accrues and the statute begins to run on the date of

---

[53] "Act of June 24, 1895, P. L. 236, 12 PS §34."

[54] "Jones v. Boggs & Buhl, Inc., 355 Pa. 242, 49 A. 2d 379 (1946)."

'tender of delivery' (except of course in case of explicit warranty of 'future performance' (sec. 2-725 (2) ) and any cause of action will be barred four years from that date. This may of course be either earlier or later than the expiration of the period of two years from the date of injury."

We are convinced that the view expressed by Mr. Cunningham is the correct one and that section 2-725 of the code limits action for personal injury arising out of a breach of warranty to four years in the absence of an agreement in the contract for a lesser time.

We likewise adopt Mr. Cunningham's reasons, substituting our own authorities, for holding that the code is controlling:

*One.* The code has superseded the Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34, since it is the more recent enactment, and upon general principles the latest expression of legislative intent: Statutory Construction Act of May 28, 1937, P. L. 1019, art. VIII, sec. 91, 46 PS §591.

*Two.* The general provision of the code with respect to its scope and construction, as found in the code sections 1-102 and 1-105, plainly indicates an intention to occupy the field and achieve uniformity within it. This finds further support in view of the legislative history, section 1-192 (3) (f), which provides:

"The Comments of the National Conference of Commissioners on Uniform State Laws and The American Law Institute may be consulted in the construction and application of this Act . . ."

The comment to section 2-725, 12A PS §2-725, at page 431, states:

"Purposes: To introduce a uniform statute of limitations for sales contracts, thus eliminating the jurisdictional variations and providing needed relief for concerns doing business on a nationwide scale whose contracts have heretofore been governed by several

different periods of limitations depending upon the state in which the transaction occurred. This Article takes sales contracts out of the general laws limiting the time for commencing contractual actions and selects a four year period as the most appropriate to modern business practice. This is within the normal commercial record keeping period."

Article IV, section 57, of the Statutory Construction Act, 46 PS §557, provides:

"Laws uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them."

It follows that one of the purposes of section 2-725 was to fix a reasonable time after which merchants and manufacturers could destroy their records with respect to the manufacture and sale of an item without fear of being unable to defend against liabilities subsequently asserted.

*Three.* The code is dealing with a narrow subject matter, carved out of the broad field dealt with by the Act of June 24, 1895, P. L. 236, sec. 2, 12 PS §34, and here the specific enactment would be regarded as controlling in general: Statutory Construction Act, supra, art. IV, sec. 63, 46 PS §563.

We are likewise supported in our views by the Pennsylvania Bar Association Notes accompanying section 2-725 (12A PS. §2-725, page 431), which state:

"(1) Statutory Period. The four-year period under the Code changes prior law. There is now a limitation of 6 years on contract actions from the time the right of action accrues. 12 PS §31. The limitation for personal injury actions is 2 years. 12 PS §34. An action based on breach of warranty resulting in personal injury under prior law would have to be brought within two years. Jones v. Boggs & Buhl, 355 Pa. 242, 49 A. 2d 379 (1946) (sale of fur coat; painful skin disease

acquired from collar). Nightlinger v. Johnson, 18 D. & C. 47 (1932) ; Bradley v. Laubach, 23 Dist. 151 (1914) (action against druggist for personal injuries for failure to properly compound a prescription)."

Plaintiffs having brought suit for damages for injuries suffered as a result of defendant's alleged breach of warranty within four years of the delivery date of the alleged defective washing machine, we make the following

*Order*

And now, to wit, November 9, 1962, defendant's motion for judgment on the pleadings is dismissed.