Verle G. CONARD, Plaintiff,

v.

Lewis S. STITZEL, Warden, Berks County Prison, Defendant.

Civ. A. No. 31391.

United States District Court
E. D. Pennsylvania.

Dec. 27, 1963.

---

5. See footnote 1.

6. See footnote 1.

William J. Woolston,* Philadelphia, Pa., for plaintiff.

Robert J. Bond, Jr., Philadelphia, Pa., for defendant.

FREEDMAN, District Judge.

Plaintiff sues under the Civil Rights Acts[1] for violation of constitutional rights guaranteed by the Eighth Amendment's provision against cruel and unusual punishment and the Fourteenth Amendment's provision against denial of the equal protection of the laws. He charges that the defendant, who is Warden of the Berks County Prison, subjected him to cruel and unusual punishment while he was incarcerated there from

---

* Mr. Woolston has served without compensation as plaintiff's counsel by appointment of the court after plaintiff was granted leave to proceed in forma pauperis. For this service he has the appreciation of the court.

1. 42 U.S.C. § 1983: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States * * * to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law * * *."; 28 U.S.C. § 1343: "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

* * *

"(4) To recover damages * * * under any Act of Congress providing for the protection of civil rights * * *."

sometime in May 1959 to July 22, 1959. He alleges that he was given inadequate food and accommodations, was deprived of medical care, was denied the rights and privileges normally afforded prisoners, and that in consequence he suffered physical and mental pain and anguish.[2] Plaintiff escaped from the Berks County Prison on July 22, 1959, but was recaptured on October 19, 1959 and has since been incarcerated.

Defendant has moved for judgment on the pleadings on the ground that the action is barred by the statute of limitations.

■■ We deal here with a federal cause of action. There is no general federal statute of limitations,[3] and Congress has not specified a limitation period for this specific cause of action. In such circumstances it has long been the general practice of the federal courts to apply the relevant state statute of limitations.[4] The application of state statutes of limitations to federal causes of action is not ordinarily inconsistent with federal policy. Indeed, the failure of Congress to designate a limitation period may be said to indicate a congressional intention that the state period should apply.[5]

In Campbell v. Haverhill,[6] the Supreme Court held that a state statute of limitations barred a patent infringement action in the federal courts. This conclusion was said to be compelled by the Act of Congress that: "The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."[7] But the court went on to assign reasons of general policy: "[W]hy should the plaintiff in an action for the infringement of a patent be entitled to a privilege denied to plaintiffs in other actions of tort? If States cannot discriminate against such plaintiffs, why should Congress by its silence be assumed to have discriminated in their favor? Why, too, should the fact that Congress has created the right, limit the defenses to which the defendant would otherwise be entitled? Is it not more reasonable to presume that Congress, in authorizing an action for infringement, intended to subject such action to the general laws of the State applicable to actions of a similar nature?"[8]

It is not always easy to decide what is the applicable state statute. Resort must necessarily be had to the decisions of the state courts which have dealt with state causes of action of a similar nature. Thus in Gordon v. Loew's Inc.,[9] an antitrust suit under the Clayton Act was held barred by a New Jersey statute of limitations, N.J.S. 2A:14–1, N.J.S.A., for "actions at law brought for any

2. Paragraph 13 of the amended complaint reads: "As a consequence of that cruel and unusual nature of the punishment to which the defendant required plaintiff to submit, plaintiff suffered both physical and mental pain and anguish and plaintiff lost some twenty pounds of weight during that confinement, and plaintiff was in effect throughout said punishment confinement denied all but minimal basic animal existence, and thus throughout and as a result of said punishment plaintiff became reduced to an irrational being * * *."

3. See generally Note, Federal Statutes Without Limitations Provisions, 53 Columbia L.Rev. 68 (1953).

4. See O'Sullivan v. Felix, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980 (1914); Chat-

tanooga Foundry and Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241 (1906); McClaine v. Rankin, 197 U.S. 154, 25 S.Ct. 410, 49 L.Ed. 702 (1905); Campbell v. Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895).

5. See Holmberg v. Armbrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 90 L.Ed. 743 (1946); Campbell v. Haverhill, 155 U.S. 610, 616, 15 S.Ct. 217, 39 L.Ed. 280 (1895).

6. 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280 (1895).

7. Rev.Stat. § 721 (1875), the predecessor of 28 U.S.C. § 1652.

8. 155 U.S. at 616, 15 S.Ct. at 219, 39 L. Ed. 280.

9. 247 F.2d 451 (3d Cir. 1957).

forfeiture upon any penal statute" because the New Jersey courts had held the statute applicable to a treble damage action by a tenant against his landlord under the State Rent Control Act, N.J.S. 2A:42–14 et seq., N.J.S.A. The state court view was permitted to prevail even though an antitrust suit is not covered by the federal statute of limitations for actions in the nature of a penalty or forfeiture.[10] The principle of the Gordon case has been reaffirmed in this circuit in Carlton Lamp Corp. v. General Electric Co., 254 F.2d 815 (3d Cir. 1958); Dean Oil Co. v. American Oil Co., 254 F.2d 816 (3d Cir. 1958); and Shapiro v. Paramount Film Distributing Corp., 274 F.2d 743 (3d Cir. 1960).

Since there is no Pennsylvania statute of limitations of general applicability to actions to vindicate invasions of constitutional rights, determination of the applicable statute of limitations must be made from the nature of the conduct complained of. Here the gravamen of the complaint is that defendant caused plaintiff to suffer physical and psychological injury. The statute of limitations under which this case falls is the Act of June 24, 1895 (P.L. 236, § 2, 12 P.S. § 34), which prescribes a two-year period of limitations in suits "brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death * * *."

The Act of 1895 has been construed broadly and has been applied to actions for injuries done to the person whether the claim sounded in tort or assumpsit.[11] It has also been applied to a damage action for invasion of the right of privacy on the ground that such a claim is for "injury wrongfully done to the person" and not for injury to property.[12]

Plaintiff urges that his action falls outside the scope of the statute for personal injuries on the authority of Wakat v. Harlib, 253 F.2d 59 (7th Cir. 1958). There an action under the Federal Civil Rights Act was held not within the Illinois statute for injuries to the person, but governed by the limitation period for "civil actions not otherwise provided for." Ill.Rev.Stat.1955, c. 83, § 16. That case is based on the construction which the Illinois state courts have given to their statutes. It sheds little light on the statutory framework of Pennsylvania, which has no similar "catch-all" provision.[13]

Since the present action is governed by the Act of 1895 it is of no moment that the claim might also fit within the language of the colonial Act of March 27, 1713 (1 Smith's Laws 76, § 1, 12 P.S. § 31). It has been authoritatively decided that the Act of 1713 was impliedly repealed by the later Act of 1895 to the extent that it dealt with the same subjects.[14]

Once it is determined that the case falls within the Act of 1895 it follows that the tolling provision of § 5 of the Act of 1713 (12 P.S. § 35), which tolls the operation of the statute of limitations in favor of persons under certain disabilities, including imprisonment,[15]

10. Chattanooga Foundry and Pipe Works v. City of Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241 (1906), construing Rev.Stat. § 1047 (1875), predecessor to 28 U.S.C. § 2462.

11. See Jones v. Boggs & Buhl, Inc., 355 Pa. 242, 49 A.2d 379 (1946) and cases cited therein. See also Berg v. Remington Arms Co., 207 F.Supp. 65 (E.D.Pa.1962); Ravetz v. Upjohn Co., 138 F.Supp. 66 (E.D.Pa.1955).

12. Hull v. Curtis Publishing Co., 182 Pa. Super.Ct. 86, 96–97, 125 A.2d 644, 649 (1956), citing Dean Pound: "A man's feelings are as much a part of his personality as his limbs."

13. Cf. Hoffman v. Wair, 193 F.Supp. 727 (D.Or.1961).

14. Walker v. Mummert, 394 Pa. 146, 146 A.2d 289 (1958); Peterson v. Delaware River Ferry Co., 190 Pa. 364, 142 A. 955 (1899); Rodebaugh v. Philadelphia Traction Co., 190 Pa. 358, 42 A. 953 (1899).

15. "If any person or persons, who is or shall be entitled to any such * * * actions for trespass, for assault, menace, battery, wounding or imprisonment * * *

does not apply. Walker v. Mummert, 394 Pa. 146, 146 A.2d 289 (1958); Peterson v. Delaware River Ferry Co., 190 Pa. 364, 42 A. 955 (1899). The rule was established in Peterson, which involved minority. It was re-affirmed in Walker, where the circumstances weighed more heavily for the plaintiff than they do here. The plaintiff was confined to the Harrisburg State Hospital when he was struck and injured by the defendant's automobile. He was non compos mentis at the time and his incompetency continued until his parole from the Hospital more than two years later. He brought suit for his injuries within a year after his parole, more than three years after the accident. His suit was held barred by the Act of 1895. The statute was not tolled during the period he was non compos mentis, because the tolling section of the Act of 1713, which included this disability, was held to be inapplicable to causes of action to which the Act of 1895 applied. No distinction from the Peterson case was thought possible on the basis of the particular disability.[16] Certainly, then, there is no basis to distinguish the disability of imprisonment, which is also specified in the tolling section of the Act of 1713.

■ It follows, therefore, that the plaintiff's imprisonment during all or part of the two-year period immediately preceding the filing of his complaint did not toll the running of the applicable Pennsylvania statute of limitations.

It remains to be considered whether I must modify or reject entirely the state statute of limitations in order to protect the federal cause of action or safeguard a federal policy inherent in it.

■ The fundamental premise on which federal courts apply state statutes of limitations to federal causes of action is that thereby the implied intention of Congress is carried out. But in some circumstances it is highly unreasonable to ascribe such an intention to Congress. Thus federal courts will not apply a state statute of limitations which discriminates against federal causes of action by expressly fixing a shorter period for them than for similar state actions.[17] And the established federal equitable doctrine that fraudulent concealment of a wrong suspends the operation of laches or statutes of limitations[18] has been applied in actions on federal causes to which state statutes of limitations were held applicable.[19] So too, federal courts have refused to apply the provision of an applicable state statute of limitations which would have tolled its operation because of defendant's absence from the state, where the service of process provisions of the federal antitrust laws would have allowed service in the state during that period.[20] Finally, it has been held in an action under § 303(b) of

be, or, at the time of any cause of such action given or accrued, fallen or come, shall be, within the age of twenty-one years, femme covert, non compos mentis, imprisoned, or beyond sea, that then such person or persons shall be at liberty to bring the same actions, so as they take the same within such times as are hereby before limited, after their coming to or being of full age, discoverture, of sound memory, at large, or returning into this province, as other persons." Act of 1713, § 5 (12 P.S. § 35).

16. See concurring opinion of Mr. Chief Justice Jones, 394 Pa. at 150–152, 146 A.2d at 291–292.

17. See, e. g., Caldwell v. Alabama Dry Dock & Shipbuilding Co., 161 F.2d 83 (5th Cir. 1947), cert. den. 332 U.S. 759, 68 S.Ct. 59, 92 L.Ed. 345; Wolf Sales Co. v. Ru-

dolph Wurlitzer Co., 105 F.Supp. 506 (D.Colo.1952); Davis v. Rockton & R.R.R., 65 F.Supp. 67 (W.D.S.C.1946), aff'd. 159 F.2d 291 (4th Cir.).

18. See Bailey v. Glover, 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1874); Atlantic City Electric Co. v. General Electric Co., 312 F.2d 236 (2d Cir. 1962), cert. den., 373 U.S. 909, 83 S.Ct. 1298, 10 L.Ed. 2d 411; United States v. General Electric Co., 209 F.Supp. 197 (E.D.Pa.1962).

19. See, e. g., Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); Moviecolor Ltd. v. Eastman Kodak Co., 288 F.2d 80, 90 A.L.R.2d 252 (2d Cir. 1961), cert. den. 368 U.S. 821, 82 S.Ct. 39, 7 L.Ed.2d 26.

20. See, e. g., Banana Distributors, Inc. v. United Fruit Co., 269 F.2d 790 (2d Cir.

the Labor Management Relations Act [21] that the close interrelation between the various statutes which comprise the federal labor program renders the need for a uniform rule as to the limitation of actions so great as to preclude the application of the diverse state periods.[22]

The present case is not one calling for special intervention against the operation of the state statute of limitations. There is no discrimination against the assertion of federal rights, for the absence of a tolling provision in cases under the Act of 1895 applies equally to state and federal causes of action. There is no established federal judicial principle that periods of limitation should not run on federal causes of action while a potential plaintiff is in prison. Nor is there any closely interwoven federal statutory scheme which will be hampered unless actions under the Federal Civil Rights Acts are preserved during imprisonment. The general and "catch-all" language of the Civil Rights Acts gives rise to federal causes of action for many unrelated types of wrongs, and there is no such need for uniformity as exists in areas such as federal labor law. If, as in antitrust cases, it may ultimately prove advantageous to establish a federal statute of limitations,[23] Congress will make the choice.

Finally, as in all judicial action, this decision necessarily is confined to the facts of this case. Circumstances may be envisaged in which application of state statutes of limitations would amount to a complete denial of a right created by Congress. But here the facts forbid any inference that plaintiff's incarceration prevented his assertion of his right of action. From the time of his escape on July 22, 1959, until the two-year statutory period had elapsed,[24] plaintiff spent a total of only 19 days—and these separated into three periods—at the Berks County Prison. He was not, therefore, under the thumb of the defendant for any substantial period. Moreover, there is nothing to indicate that his state imprisonment after he was recaptured impeded the institution or prosecution of the federal cause of action he asserts here.

There is, therefore, no showing of a denial of a federal right beyond the general expiration of a right to sue by the running of a reasonably sufficient period of time. Such nondiscriminatory elimination of stale claims is a universally accepted policy. "Whatever prejudice there may have been in ancient times against statutes of limitations, it is a cardinal principle of modern law and of this court, that they are to be treated as statutes of repose * * *." Campbell v. Haverhill, 155 U.S. 610, 617, 15 S.Ct. 217, 220, 39 L.Ed. 280 (1895).

## ORDER

And now, December 27, 1963, defendant's motion for judgment on the pleadings is granted.

1959); Stevens v. Walker, 61 F.Supp. 441 (W.D.Wash.1945).

21. 29 U.S.C. § 187(b).

22. Fischback & Moore, Inc. v. International Union of Operating Engineers, 198 F.Supp. 911 (S.D.Cal.1961). The court said that until Congress saw fit to provide a limitation period the doctrine of laches would be used to prevent recovery in cases where the plaintiff delayed unconscionably in asserting his claim.

23. See 15 U.S.C. § 15b, passed in 1955, which first provided a federal statute of limitations in treble-damage actions.

24. Assuming, to plaintiff's advantage, that his cause of action did not accrue until the day of his escape.