## Bermudez v. PTC

*R. W. Berkowitz*, for plaintiffs.
*Norman M. Hegge, Jr.*, for defendant.

HIRSH, J., December 14, 1973.—On July 29, 1971, plaintiffs began this action by a complaint in assumpsit to recover damages for injuries sustained by wife-plaintiff on March 31, 1967. Plaintiffs allege in said complaint that: (1) defendant, a common carrier, breached its contractual duty to transport and deliver wife-plaintiff, a passenger, in a safe, careful

and diligent manner, and (2) wife-plaintiff's injuries resulted from defendants acting in a negligent, willful, wanton, reckless and unsafe manner. Subsequently, defendant filed an answer and new matter alleging that plaintiffs' failure to comply with the two-year statute of limitations bars plaintiffs' complaint. Defendant now comes before this court with a motion for judgment on the pleadings, alleging plaintiffs' failure to comply with the two-year statute of limitations.

A passenger of a common carrier who is injured as a result of its negligence may bring either an action of trespass or an action of assumpsit to recover his damages: Griffith v. United Air Lines, Inc. 416 Pa. 1 (1964). While a plaintiff can elect to sue in either form of action, the Act of June 24, 1895, P.L. 236, sec. 2, 12 PS §34, unequivocally prohibits recovery unless the suit is brought within two years from the time when the injury was done. Thus, the statute imposes the period of limitations on the cause of action, instead of annexing it to the form of the action. The Supreme Court in Jones v. Boggs & Buhl, Inc., 355 Pa. 242 (1946), clearly revealed a sound rationale when it held that the express language of the Act of June 24, 1895, should not be avoided or circumvented, and that "the courts should not extend that time [the two year limitation under the Act of 1895] by allowing a party to keep alive the right to sue by electing to sue in one form of action [assumpsit] instead of another [tort]."

Plaintiffs rely on Gardiner v. Philadelphia Gas Works, 413 Pa. 415 (1964), in their argument that this court should take exception to the two-year period of limitations on all actions for damages for personal injuries whether arising out of contract or tort, and apply the six-year period of limitations. This court

believes that plaintiffs' argument is without merit and their authority inapplicable. The court in Gardiner, after an examination of §§2-725, 2-715 and 1-102 and related background of the Uniform Commercial Code, held that it was the legislative intent that there be a four-year period of limitation on all actions for breach of contracts for sale, irrespective of whether the damages sought are for personal injuries or otherwise. The instant case involves a passenger on a common carrier and is not governed by the Uniform Commercial Code. It is worth noting that even if the Uniform Commercial Code did govern, plaintiffs fail to satisfy the four-year period of limitations. Plaintiffs further contend that the decision in Griffith permitting an injured passenger of a common carrier to bring an action in assumpsit logically extends the time in which to bring the action to six years. In light of Jones, this court cannot agree.

Accordingly, it is, therefore, ordered that the motion is granted and that judgment on the pleadings be entered in favor of defendant.