Allen B. WILSON, Plaintiff,

v.

**SHARON STEEL CORPORATION**
et al., Defendants.

Civ. A. No. 74–977.

United States District Court,
W. D. Pennsylvania.

Aug. 15, 1975.

Wendell G. Freeland, Pittsburgh, Pa., for plaintiff.

Ronald Weingrad, William H. Schmelling, Pittsburgh Pa., Bernard Kleiman, Chicago, Ill., Scott F. Zimmerman, Walter P. DeForest, Edward N. Stoner, II, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendants.

## OPINION and ORDER

McCUNE, District Judge.

This suit was brought by plaintiff individually and on behalf of all others similarly situated seeking declaratory and injunctive relief and monetary damages "to redress the deprivation of rights against racial discrimination in employment secured to plaintiff by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. §§ 1981 and 1983 which provide for relief from racial discrimination in employment." (Complaint, ¶ 1). Plaintiff premises jurisdiction over this action on 28 U.S.C. § 1343, the jurisdictional counterpart of 42 U.S.C. §§ 1981 and 1983, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

The action is presently before the court on defendant Sharon Steel Corporation's amended motion to dismiss the complaint in its entirety pursuant to Rule 12(b), Federal Rules of Civil Procedure.[1] Both plaintiff and Sharon have submitted briefs and the court has heard oral argument on the motion.

### Facts

█ Plaintiff was discharged from his employment with Sharon Steel on August 15, 1972, as the result of his alleged participation in the theft of company property. Following the decision of an impartial arbitrator that he had been discharged for "just cause,"[2] plaintiff lodged a charge of racial discrimination with the EEOC on November 1, 1972.[3] After deferral of the charges to the appropriate state agency as required by 42 U.S.C. § 2000–5(c), the EEOC, on August 27, 1973, issued its determination that there was reasonable cause to believe that Sharon had discriminated against plaintiff in discharging him. The Commission found that there was no probable cause to believe that the defendant unions had discriminated against plaintiff.[4]

---

1. While the defendant unions have not formally joined in defendant Sharon's motion to dismiss, they have raised the same defenses on which that motion is premised in their answer. Accordingly, we treat the motion as if it had been joined in by the defendant unions.

2. The record of the August 30, 1972 hearing including the opinion and award of the um-pire are appended as Exhibit A to Sharon's Memorandum in Support of Amended Motion to Dismiss.

3. Complaint, Exhibit A.

4. Complaint, Exh.B. We of course are not bound by the arbitrator's decision or the Commission's findings since an employee's statutory right to seek trial *de novo* under

Efforts by the EEOC to conciliate were unsuccessful whereupon the EEOC notified plaintiff on October 15, 1973, that efforts to conciliate had failed. This notice stated *inter alia:*

"In order to proceed in this matter you must make a written request for Notice of Right to Sue from this office. You must file your action with the United States District Court within ninety (90) days of your receipt of the Notice of Right to Sue."

Thereafter on July 15, 1974, the Commission sent plaintiff a "Notice of Right to Sue Within 90 Days." A copy of that letter is attached to the complaint and provides:

"Pursuant to Section 706F(1) of Title VII of the Civil Rights Act of 1964, as amended, and Section 1601.25 of Title 29, Chapter XIV of the Code of Federal Regulations, you are hereby notified that you may, within ninety (90) days of receipt of this communication, institute a court action in the appropriate Federal District Court."

The letter was signed by Eugene V. Nelson, District Director of the EEOC. Plaintiff initiated this action on October 11, 1974, some 88 days after receipt of the notice of right to sue.

With this background we now consider each of the issues presented by Sharon's motion to dismiss.

### Title VII

Defendant contends that the Title VII aspects of the complaint must be dismissed for failure to comply with § 706(f)(1)'s 90 day limitations period for commencing actions under Title VII, 42 U.S.C. § 2000e–5(f)(1). That section provides in pertinent part:

"If a charge filed with the Commission pursuant to subsection (b) of

this section is dismissed by the Commission or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . ."

Defendant contends that the letter of October 15, 1973, notifying plaintiff of the Commission's failure to conciliate was the notice called for by the statute and that the ninety day limitations period began to run at that time.

Plaintiff, on the other hand, argues that the ninety day limitations period did not start to run until his receipt of the Notice of Right to Sue letter on July 15, 1974. In support of his argument, plaintiff cites procedural regulations promulgated by the Commission in its effort to carry out its responsibilities in the administration and enforcement of Title VII, 29 C.F.R. § 1601 et seq. These regulations provide, *inter alia:*

"Where the Commission has found reasonable cause but has been unable to obtain voluntary compliance with Title VII, the Commission shall so notify the respondent and all identifiable members of the class aggrieved by the practices complained of in the charge. Notification to aggrieved members of the class shall include the following:

(1) A copy of the charge.

(2) A copy of the Commission decision.

(3) Advice concerning his right to proceed in court under Section 706(f)(1) of Title VII."

---

Title VII is not foreclosed by prior submission of his claim to final arbitration under the nondiscrimination clause of a collective bargaining agreement. See *Alexander v. Gardner Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); nor is the right to sue under Title VII contingent upon a Commission determination of probable

cause. See *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L. Ed.2d 668 (1973); *DeMatteis v. Eastman Kodak Co.,* 511 F.2d 306 (2d Cir. 1975); *Black Musicians of Pittsburgh v. Local 60–471, American Federation of Musicians,* 375 F.Supp. 902 (W.D.Pa.1974).

29 C.F.R. § 1601.25c(c). Specifically, plaintiff argues that the letter of October 15, 1973, which stated:

"In order to proceed in this matter you must make a written request for Notice of Right to Sue from this office."

was the notice called for by § 1601.25c(c) of the Commission regulations and not the notice contemplated by the statute.

At issue here then is the validity of the two-letter procedure established by the Commission-promulgated regulations. Stated otherwise, is the ninety day limitations period of § 706(f)(1) triggered by notice from the Commission to the charging party of failure to conciliate or is the running of the limitations period delayed until such time as the charging party receives the Notice of Right to Sue letter? For reasons which follow we believe that the ninety day period of limitation commenced with notice of failure to conciliate on October 15, 1973, and that accordingly, defendants' motion to dismiss the Title VII aspects of the complaint is properly granted.

In the first place, it is clear that compliance with § 706(f)(1)'s ninety day requirement is a jurisdictional prerequisite to suit under Title VII, see *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306 (2d Cir. 1975); *Cleveland v. Douglas Aircraft Co.*, 509 F.2d 1027 (9th Cir. 1975); *Pope v. North Hills Passavant Hospital*, C.A. 75–60 (W.D. Pa., May 27, 1975); *Cf., EEOC v. E. I. duPont deNemours and Co.*, 516 F.2d 1297 (3rd Cir., 1975). Therefore failure to comply with that requirement is cause for dismissal.

As we have said, the determinative issue is whether the two-letter procedure established by the Commission, to the extent that it conflicts with the statutory scheme, can be upheld. After careful review of the record and the authorities we conclude that the two-letter procedure cannot alter § 706(f)(1)'s terms since to accept the Commission's two-letter procedure would vitiate the congressionally mandated period of limitation in favor of a hodge-podge of ad hoc determinations by the EEOC. *Cleveland v. Douglas Aircraft Corp., supra,* at 1030. See *Kelly v. Southern Products Co.,* No. 19243 (N.D. Ga. June 14, 1975). As stated in *DeMatteis v. Eastman Kodak Co.,*:

"The operative effect [of the procedures contained in 29 C.F.R. § 1601.25 would be] to place in the hands of the aggrieved party the approximate time when he wants the notice to be issued and the 90-day period of the statute of limitations to start running."

511 F.2d at 310–311. In short, we find that the Commission does not have the power either to enlarge § 706(f)(1)'s period of limitations or to delegate to the charging party the right to determine for himself when the statutory period shall commence.

Furthermore, we agree with the court in *DeMatteis v. Eastman Kodak Co., supra,* when it says:

"'The jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation . . .' *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 17, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951). Arbitrarily to supplant the 'notice' prescribed by the statute with that specified in the regulation, would permit an administrative agency to extend the jurisdiction of the district court. This, of course, it should not do. The regulation to the extent that it has that effect, should be declared invalid. (Citation omitted)."

511 F.2d at 311; see also *Cleveland v. Douglas Aircraft Co., supra,* at 1029.

Plaintiff has raised several arguments which he contends compels denial of defendants' motion to dismiss. Those arguments were upheld in *Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301 (8th Cir., 1975) where the court concluded that under the 1972 amendments to Title VII it is the determination not to sue, rather than the failure to conciliate, which rep-

resents the end of the Commission's administrative procedures following which notice of right to sue must be issued to the charging party. The plaintiff also cites the *Tuft* decision for the proposition that the notice of failure to conciliate does not constitute the statutory notice since the letter did not give the charging party any effective notification that she could sue within ninety days of its receipt.[5]

We do not find any of these arguments persuasive. While it is apparent that plaintiff's failure to comply with the provisions of § 706(f)(1) was at least partially due to misleading advice from the EEOC, we do not believe that the shortcomings of an administrative agency can operate to extend the limitations period prescribed by the statute. See *Pope v. North Hills Passavant Hospital, supra, Cf., Brown v. Weinberger,* C.A. 72–845 (W.D.Pa., May 27, 1975).

Furthermore, it is clear from the statute that it is failure of conciliation, not exhaustion of Commission procedures, which triggers the running of the 90-day period and we find no support for the proposition that the 1972 amendment to Title VII altered that situation.[6]

The possibility of duplicitous suits does not in our view override the clear limitation contained in § 706(f)(1) of Title VII. *Cf. Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S. Ct. 1716, 44 L.Ed.2d 295 (1975).

Therefore, defendants' motion to dismiss the Title VII aspects of the complaint is granted.

## 42 U.S.C. § 1983

There is no state action involved in this litigation.

A private party violates § 1983 to the extent that its conduct involves state action. *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed. 2d 477 (1974). Because allegations of state action are conspicuously lacking in this case, defendants' motion to dismiss must be granted as to the claim under § 1983.[7]

## 42 U.S.C. § 1981

Plaintiff also seeks relief pursuant to 42 U.S.C. § 1981 which provides, *inter alia*: "All persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."

Defendant contends that any § 1981 cause of action which plaintiff might have had was time-barred when the complaint was filed and should, therefore, be dismissed. We agree.

Congress has not provided a federal statute of limitations for civil rights actions. Therefore, we must look to the state statute of limitations which would apply to the most similar state cause of action. See *United Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 703–705, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) (applying Indiana's six year statute of limitations governing contracts not in writing to union's action under § 301 of National Labor Relations Act of 1947). The principle of the *United Auto Workers* case applies to civil rights actions, see, e. g., *Ammlung v.*

5. As in this case, the first letter advised Mrs. Tuft that the 90-day period would not commence until she received notice of right to sue.

6. Prior to 1972, the EEOC was limited in its enforcement powers to conciliation efforts. The Equal Employment Opportunity Act of 1972, Pub.L. 92–621, amended the Act and granted the EEOC power to initiate civil actions upon failure to conciliate. However, the individual right to sue was preserved as a means by which he might extricate himself from the "quagmire which occasionally surrounds a case caught in an overloaded ad-

ministrative process." House Report, 1972 U.S.Code Cong. & Admin.News 2148. Under the new scheme Congress contemplated that the EEOC would shoulder the primary burden of enforcing Title VII rights.

In addition to bestowing independent enforcement powers upon the EEOC, the amendments extended the period for filing of private suits from 30 days, 42 U.S.C. § 2000e–5(e) (1970) to ninety days.

7. At oral argument counsel for plaintiff. conceded that no state action was involved here and in effect stipulated to dismissal of that count.

*City of Chester,* 494 F.2d 811, 814 (3rd Cir. 1974) ; *Polite v. Diehl,* 507 F.2d 119 (3rd Cir. 1975). Thus we must decide two subsidiary questions, namely: which of Pennsylvania's limitations provisions governs here; and secondly, is there any tolling principle which would preserve the timeliness of this action?

■ Dealing first with the tolling issue, plaintiff contended at oral argument that the statute of limitations (regardless of what limitations provision governs this action) was tolled by the pendency of his timely filed administrative complaint with the EEOC. Since the date of that argument, however, the Supreme Court has specifically rejected an identical argument. In *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Court held that the statute of limitations is not tolled by the filing of a complaint with the EEOC under Title VII.

■ We turn then to the more difficult question of which of Pennsylvania's[8] limitations provisions governs the instant action. Defendant contends that the most similar cause of action to that presented here is one in tort which is governed by a two-year statute of limitations, 12 P.S. § 34. We find that since the complaint alleges specific acts or courses of conduct which resulted in economic harm to plaintiff, it is properly construed as sounding in tort, i. e., tortious interference with a basic statutory right, the right to equality of treatment in employment. Accordingly, we find that the two-year statute of limitations properly applies. Since plaintiff's cause of action accrued on August 15, 1972, the date of his discharge, the present action was timed barred before the complaint was filed.

We assume[9] that given the opportunity plaintiff would contend that the six-year statute of limitations, 12 P.S. § 31, governs the instant case. However, notwithstanding a possible breach of a contractual relation between the parties which would ordinarily be governed by the six-year statute of limitations, in our view the present case falls within the two-year period of 12 P.S. § 34 since it is the cause of action which the statute of limitations governs and not the form in which that action happens to be brought. See P.L.E., Limitation of Actions, §§ 31, 32; *Jones v. Boggs & Buhl,* 355 Pa. 242, 245, 49 A.2d 379 (1946) ; *Ravetz v. Upjohn Co.,* 138 F.Supp. 66, 68–69 (E.D.Pa.1955). See also *Henig v. Odorioso,* 385 F.2d 491, 493 (3rd Cir. 1967), *cert.* denied, 390 U.S. 1016, 88 S. Ct. 1269, 20 L.Ed.2d 166 (1969) ; *Gozdanovic v. Civil Service Commission,* 361 F.Supp. 504, 508 (W.D.Pa.1973), and *Commonwealth of Pennsylvania & Glickman,* 370 F.Supp. 724, 728 (W.D.Pa. 1974).[10]

## 28 U.S.C. §§ 2201, 2202

■ Having decided that plaintiff's action is not timely under Title VII and the Civil Rights Acts, we must decide whether he is entitled to continue this action under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* We conclude that he is not.

Rule 57 of the Federal Rules of Civil Procedure provides:

"The procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate . . ."

The notes of the Advisory Committee on Rule 57 take the position that declar-

---

8. It is clear that Pennsylvania is both the forum state and the state in which all operative events occurred.

9. Plaintiff has relied exclusively on the tolling argument heretofore discussed.

10. Defendant also contends that the present action is one in tort because plaintiff's contractual remedies were exhausted through the administrative appeals provided for by the collective bargaining agreement here. In view of our decision, it is unnecessary to address this issue.

atory relief should not be granted where a specific statutory proceeding is provided for.

"A declaration may not be rendered if a special statutory proceeding has been provided for the adjudication of some special type of case. . . ." 6A, Moore's Federal Practice, ¶ 57.-01[2] at 57–4 (1974). 28 U.S.C. App. 5178 (1958).

The United States Supreme Court approved these notes of the Advisory Committee in *Katzenbach v. McClung*, 379 U.S. 294, 296, 85 S.Ct. 377, 13 L.Ed.2d 290 (1964). See *Roberson v. Great American Insurance Co. of New York*, 48 F.R.D. 404 (N.D.Ga.1969).

The question then becomes whether plaintiff's failure to pursue his special statutory remedy in timely fashion precludes declaratory relief.

The fact that declaratory relief may be granted "whether or not further relief is or could be sought," 28 U.S.C. § 2201, indicates that it is alternative or cumulative and not extraordinary or exclusive. Furthermore, the declaratory judgment act is not jurisdictional in nature.

Therefore, we believe that declaratory relief would be of no avail to plaintiff in this case where his alternative remedies are time-barred.