**Allen B. WILSON, Individually and on behalf of all other persons similarly situated, Appellant,**

v.

**SHARON STEEL CORPORATION, a corporation, et al.**

**No. 75–2130.**

United States Court of Appeals, Third Circuit.

Argued Oct. 6, 1976.

Decided Jan. 27, 1977.

As Amended March 9, 1977.

Shaw & McClay, Pittsburgh, Pa., for appellee Sharon Steel Corp.

William H. Schmelling, Pittsburgh, Pa., for appellee Unions and District 20; Bernard Kleiman, Chicago, Ill., Bredhoff, Cushman, Gottesman & Cohen, Washington, D. C., of counsel.

Michael P. Malakoff and Samuel A. Vitaro, Berger & Kapetan, Pittsburgh, Pa., for Daniel Anderson, amicus curiae.

Abner W. Sibal, Gen. Counsel, Joseph T. Eddins, Jr., Associate Gen. Counsel; Beatrice Rosenberg and Charles L. Reischel, for U. S. Equal Employment Opportunity Commission, amicus curiae.

## OPINION OF THE COURT

Before BIGGS, VAN DUSEN and ROSENN, Circuit Judges.

VAN DUSEN, Circuit Judge.

This is an appeal from a district court order dismissing plaintiff's claims that he had been discharged due to racial discrimination under (1) 42 U.S.C. § 2000e–5(f)(1), and (2) 42 U.S.C. § 1981, as time-barred. We vacate and remand for reconsideration in the light of this opinion.

Plaintiff claims to have been discriminated against by his former employer, the Sharon Steel Corporation, and by his union, the United Steelworkers (International, District 20, and Local 1193). He seeks injunctive relief from alleged present and possible future racial discrimination; reinstatement with seniority, back pay, and all benefits accrued from the date of his termination; punitive damages, a court ordered plan to remedy alleged disparities between treatment of Negro and Caucasian employees; costs; and attorney's fees.[1]

### I.

On August 15, 1972, the plaintiff, Allen B. Wilson, was discharged from his employment as a relief foreman with the Sharon Steel Corporation (Sharon). He had previously been employed by the company for 22

Wendell G. Freeland and Ronald C. Weingrad, Pittsburgh, Pa., for appellant.

Scott F. Zimmerman, Edward N. Stoner II, and Patrick W. Ritchey, Reed Smith

1. See Amended Complaint reproduced in the appendix at 2a–11a.

years. The basis for his dismissal was alleged participation in the theft of a tow motor from Sharon. Availing himself of the arbitration procedures provided for by the applicable collective bargaining agreement, Wilson filed a grievance. A hearing was held on August 30, 1972, and the umpire denied the grievance in an Opinion and Award[2] dated October 10, 1972.

On November 1, 1972, Wilson filed a written charge with the Equal Employment Opportunity Commission (EEOC), alleging that he had been discharged because of his race.[3]

On December 19, 1972, following a hearing before the Pennsylvania Unemployment Compensation Referee, Wilson was awarded unemployment compensation, an action equivalent to a finding that Wilson was not discharged for willful misconduct.

On August 22, 1973, the EEOC determined that there was probable cause to believe that Wilson had been discriminated against on the basis of his race by Sharon, and entered into conciliation proceedings. The EEOC found no reasonable cause to believe that the defendant unions had discriminated against Wilson. However, on October 15, 1973, Wilson received a letter from A. S. Higgins, Supervisor of Conciliations for the Pittsburgh District Office of the EEOC, which read as follows:

"This is to advise you that our efforts to conciliate your case against Sharon Steel and United Steel Workers Local 1193, were unsuccessful.

"Therefore, we are forwarding your case for review for possible litigation. You will be notified of the outcome of this review.

"If you have any questions, please feel free to call me at (412) 644-3444."

The district court relied in its opinion upon a form of EEOC Failure of Conciliation letter not actually sent to Wilson[3a] and, therefore, not directly at issue in this case. The letter relied upon by the district court stated that:

"In order to proceed in this matter you must make a written request for Notice of Right to Sue from this office. You must file your action with the United States District Court within ninety (90) days of your receipt of the Notice of Right to Sue."

*Wilson v. Sharon Steel Corp.*, 399 F.Supp. 403, 405 (W.D.Pa.1975). As is apparent, neither this language nor a warning that a district court action must be filed within ninety days was part of the letter sent to, and received by, Wilson.

Wilson received a second letter[4] from the EEOC on July 15, 1974, which indicated

---

2. Reproduced in appendix at 49a–63a.

3. Charge of Discrimination reproduced in appendix at 12a.

3a. It appears nowhere in the record. The correct letter, sent to Wilson on October 15, 1973, was later made part of the Amended Complaint as Exhibit C. Defendant Sharon uses this language at page 8 of its brief, but we have found nothing in the record to support this wording:

"... at oral argument on Sharon's motion to dismiss on February 13, 1975, Wilson's counsel gave the District Court a copy of an EEOC form letter. Since there was some confusion caused by Wilson's counsel presenting a form—and not the actual letter—Wilson's counsel advised the District Court that he would later file a copy of the *exact* letter.

"He did so on March 5, 1975, when he filed an Amended Complaint and attached the actual letter as Exhibit 'C.'"

4. The July 15, 1974, letter read as follows:
"Notice of right to sue within 90 days
"Pursuant to Section 706F(1) of Title VII of the Civil Rights Act of 1964, as amended, and Section 1601.25 of Title 29, Chapter XIV of the Code of Federal Regulations, you are hereby notified that you may, within ninety (90) days of receipt of this communication, institute a civil action in the appropriate Federal District Court.
"The issuance of this notice shall suspend further Commission proceedings unless, within twenty (20) days after receipt of this notice, you request the Field Director in writing to continue to process this case; or the Commission determines that it is in the public interest to continue such proceedings.
"If you are unable to retain an attorney and find you need assistance in preparing the appropriate pleadings for filing with the Federal District Court, you may contact the District Counsel in your nearest Equal Employment Opportunity Office for such assistance.

that the EEOC would not be litigating his case and that he had the right to sue within 90 days of its receipt.

This suit [5] was commenced on October 11, 1974, 88 days after receipt of the "Notice of Right to Sue," 361 days after receipt of the letter indicating failure of EEOC conciliation efforts, and two years and 57 days after Sharon discharged Wilson.

The complaint set forth claims based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and §§ 1343, 2201 and 2202 of Title 28 of the United States Code.

On August 15, 1975, Sharon moved to dismiss the entire complaint, the district court granted the motion.[6]

The district court held that the 90-day period of limitation under 42 U.S.C. § 2000e–5(f)(1) [7] began to run from receipt of the first letter, rather than upon receipt of the "Notice of Right to Sue," as urged by Wilson; that the filing of charges with the EEOC did not toll the statute of limitations for the action under 42 U.S.C. § 1981; and that the Pennsylvania two-year personal injury statute of limitations governed the action under 42 U.S.C. § 1981. It ordered the suit dismissed as time-barred.

> The Federal District Court is authorized in its discretion, to appoint an attorney to represent you and to authorize commencement of the suit without payment of fees, costs or security.
> "Should you decide to file suit, please have your attorney complete and mail the enclosed post card as soon as possible."

5. The Amended Complaint alleges that it is brought by plaintiff "individually and on behalf of persons similarly situated."

6. *Wilson v. Sharon Steel Corporation,* 399 F.Supp. 403 (W.D.Pa.1975).

7. The pertinent language of § 706(f)(1) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–5(f)(1)) relating to the 90-day period, within which individual civil actions against an employer must be commenced, reads as follows:

## II.

The essence of the claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1), is the notice given to the claimant. The district court considered the question of whether notice that conciliation had failed, or notice that the EEOC had decided not to litigate the case, triggered the 90-day period for filing suit. However, as noted above at page 278, the October 15, 1973, EEOC letter which the district court relied upon as having been sent to Wilson was never sent to him. The EEOC used an entirely different letter. The threshold question, and one which has not been considered by the district court, is the nature of the notice plaintiff actually received.

The letter (see page 278 above) which was relied on in the district court's decision indicated unequivocally that Wilson had, and could exercise, the right to sue. That letter stated that Wilson need only request a "Notice of Right to Sue" from the EEOC.

In contrast, the letter Wilson actually received indicated only that conciliation had failed and that further EEOC review of his case was proceeding to determine whether the EEOC wanted to litigate it. Thus, the actual letter stated that Wilson would be "notified of the outcome of this review." It

> "If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) [to state or local agencies] of this section, whichever is later, the Commission has not filed a civil action under this section, . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ."

made no mention whatsoever of his right to bring suit on his own behalf at that time.

■ It would appear that the contents of the letter actually received form the keystone of any decision on this issue.[8] Since the district court inadvertently based its decision upon a hypothetical letter—rather than the communication which Wilson received and relied upon—[9] we do not decide the issue of when the 90-day period began to run, so that the district court may receive the views of counsel on the letter actually received in light of any amendments to the pleadings and the record which may be appropriate in view of the wording of the letter quoted at page 278 above.

We will vacate the district court order of August 15, 1975, dismissing the Title VII complaint, and remand this issue to the district court for reconsideration in view of the letter which Wilson actually received, and particularly in view of these recent decisions which were unavailable to the district court at the time its order was entered: *Lacy v. Chrysler Corp.*, 533 F.2d 353 (8th Cir. 1976); *Williams v. Southern Union Gas Company*, 529 F.2d 483 (10th Cir. 1976); *Coles v. Penny*, 174 U.S.App.D.C. 277, 531 F.2d 609 (1976); *Garner v. E. I. du Pont de Nemours & Company*, 538 F.2d 611 (4th Cir. 1976); *McGuire v. Aluminum Company of America*, 542 F.2d 43 (7th Cir. 1976).

## III.

The plaintiff appeals the district court dismissal of his 42 U.S.C. § 1981 claim as time-barred. He urges that the district court should have applied the six-year Pennsylvania statute of limitations applicable to contractual causes of action,[10] rather than the two-year Pennsylvania statute of limitations applicable to cases involving personal injuries.[11] The rationale he offers is § 1981's reference to enforcement of contracts,[12] and violation of his contractual right to employment without regard to his race.

■ Since the Civil Rights Acts contain no statute of limitations, the limitation to be applied is that which would be applicable in the courts of the state in which the federal court is sitting had an action seeking similar relief been brought under state law. *Polite v. Diehl*, 507 F.2d 119, 122 (3d Cir. 1974).

In determining the applicable limitation period, we call the attention of the district court and counsel to the authorities cited in 22 Pennsylvania Law Encyclopedia, Limitation of Actions, §§ 31, 32, including *Haefele v. Davis*, 399 Pa. 504, 160 A.2d 711, 714 (1960), which were not cited in the briefs of counsel or in the district court opinion and which might be helpful in determining the applicable period of limitations when the facts and legal rights incident to plaintiff's claim are developed on

---

**8.** We note that the letters discussed here apply only to the defendant Sharon. Wilson received notice on August 22, 1973, that the EEOC found no probable cause for belief that the defendant Union violated Title VII. Since notice of no probable cause is, in effect, a dismissal of the action against the party complained of, we find that the August 22, 1973, determination of the EEOC in favor of the Union triggered the 90-day period in plaintiff's action against the defendant Union.

**9.** The letter of October 15, 1973, which Wilson actually received would appear to lead a lay employee of modest means to believe that the Government was considering instituting suit on his behalf at its own expense, and, hence, would not expect him to go forward and sue on his own. If anything, the language of the letter

which Wilson received would seem to have caused him to rely on the Government to handle litigation for him or at least to advise him concerning litigation after notice "of the outcome of this review" to a greater extent than would the letter which the district court relied upon. See *Coles v. Penny*, 174 U.S.App.D.C. 277, 531 F.2d 609, 614–15 (1976).

**10.** 12 P.S. § 31.

**11.** 12 P.S. § 34.

**12.** 42 U.S.C. § 1981 reads in part:
"All persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."

remand. Also, we note that the plaintiff elected to file a Statement of Grievance protesting management action in suspending him and resulting in arbitration, as noted in the margin,[13] which might have some effect on his claims for reinstatement and damages, etc., to which he might be entitled,[14] under principles of *res judicata* and collateral estoppel.

## IV.

For the foregoing reasons, that part of the August 15, 1975, district court order dismissing plaintiff's claims under "Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*" and 42 U.S.C. § 1981 will be vacated and the case will be remanded to the district court for reconsideration in accordance with Parts II and III of this opinion.[15]

**13.** Plaintiff filed this Statement of Grievance No. 98–72 (Voluntary Labor Arbitration) on August 11, 1972 (49a):

"I, Allen Wilson, # 6598, am protesting managements action for suspending me five days, August 9, 12, 13, 14, 15, 1972 for an electric hoist which was taken from the B.O.F.

"I did not have anything to do with this action.

"I am requesting all monies I am losing and my record made clean."

The company answered as follows on August 17, 1972 (49a–50a):

"The complainant, Allen Wilson, Check # 6598, was suspended on August 8, 1972, for theft of Company property.

"Based upon information supplied to the Company by another employee (former) who admittedly participated in the theft of an electric hoist from the Basic Oxygen Furnace Department, the Company determined that the complainant was directly involved. Mr. Wilson was implicated during a taped interview and on a duly signed deposition.

"The former employee, R. Funk, stated that he and Mr. Wilson did agree to 'split the proceeds' from the sale of the hoist. Funk also stated in a deposition dated August 2, 1972, that the complainant and he transferred the hoist from Wilson's car to his car near Safin's Bar in Farrell, Pa.

"It is the Corporation's position that there was sufficient cause to suspend and to subsequently discharge Allen Wilson. Although Mr. Wilson has maintained that he was not involved in the theft of the new electric hoist from the BOF Department, the testimony of R. Funk clearly implicated him.

"It is the firm position of the Corporation that theft of Company property constitutes sufficient grounds for discharge regardless of prior record, seniority or age.

"The complaint is denied."

After processing of the grievance through Step 4 and after hearing on August 30, 1972, Umpire Edwin R. Teple entered this "Disposition" on October 10, 1972: "The grievance is denied" (55a). No appeal was taken from the above disposition.

**14.** See, for example, Amended Complaint, ¶¶ 10 and 12-16, inclusive.

**15.** Although plaintiff alleged a claim under 42 U.S.C. § 1983 in his complaint, he does not challenge the district court's dismissal of this claim on appeal, so that we need not rule on this claim. However, we note that the district court's dismissal of this claim appears proper, since none of the defendants were individuals acting under the color of state law. *Wilson v. Sharon Steel Corp.*, 399 F.Supp. 403, 407 (W.D. Pa.1975).