Allen B. WILSON, Plaintiff,

v.

SHARON STEEL CORPORATION, United Steelworkers of America, Local 1193, United Steelworkers of America, District 20, United Steelworkers of America, International, Defendants.

Civ. A. No. 74–977.

United States District Court,
W. D. Pennsylvania.

Nov. 11, 1977.

Wendell G. Freeland, Ronald C. Weingrad, Pittsburgh, Pa., for plaintiff.

Edward N. Stoner, II, Scott F. Zimmerman, Patrick W. Ritchey, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., William H. Schmelling, United Steelworkers of America, Chicago, Ill., for defendants.

## MEMORANDUM

McCUNE, District Judge.

This action arose as a result of the discharge of plaintiff, Allen B. Wilson, on August 15, 1972, for the alleged theft of a hoist from his employer, Sharon Steel Corporation (Sharon). Wilson opposed his dismissal through recourse to both the grievance arbitration procedure of his labor agreement and EEOC conciliation. Upon an unfavorable determination by the arbitrator and the failure of conciliation between his employer and the EEOC, Wilson brought this action. The Complaint was filed on October 11, 1974. Wilson, individually and on behalf of all persons similarly situated,[1] asserted at that time claims based upon Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Civil

---

1. Although plaintiff has brought this action as a class action, there has, as yet, been no class determination.

Rights Act of 1871, 42 U.S.C. § 1983; and the Civil Rights Act of 1866, 42 U.S.C. § 1981. Defendant Sharon moved to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure. We granted Sharon's motion with regard to the Title VII claim and the § 1981 claim, believing both to be time-barred. The § 1983 claim was dismissed for lack of state action. *Wilson v. Sharon Steel Corp.,* 399 F.Supp. 403 (W.D.Pa.1975).

Wilson appealed our dismissal of his Title VII and § 1981 claims. The Third Circuit vacated our order with regard to both claims, and remanded for reconsideration in light of their opinion. *Wilson v. Sharon Steel Corp.,* 549 F.2d 276 (3d Cir. 1977). This memorandum constitutes that reconsideration.

I

In our earlier decision, we found that plaintiff's Title VII claim was barred due to his failure to comply with § 706(f)(1)'s 90 day requirement for commencing actions under Title VII. Our decision was premised upon the infirmity of the EEOC's two letter policy[2] which tended to expand the jurisdiction of this court by extending the period during which a claim was cognizable under § 706(f)(1). The Third Circuit disagreed with this analysis, however, finding the critical issue to be whether the actual notice given to the plaintiff was adequate to inform him of his right to sue within the 90 day period established by § 706(f)(1). They remanded in order that we might determine when plaintiff received adequate notice of his right to sue. It is implicit in the opinion that the court did not consider the first notice adequate.

2. We note that the two letter policy, the cause of substantial confusion and litigation, has been abandoned by the EEOC in favor of a single letter notification. See *Lacy v. Chrysler Corp.,* 533 F.2d 353 (8th Cir. 1976).

3. The conciliation letter is reproduced in full at 549 F.2d 276, 278; the right to sue letter at 549 F.2d 276, 278, n. 4; the form letter at 399 F.Supp. 403, 405.

4. This form letter was appended to plaintiff's Brief in Reply to Defendant Sharon Steel Cor-,

We have considered three letters in the determination of when Wilson had notice of his right to sue.[3] The first letter, received by Wilson on October 15, 1973, informed him of the failure of conciliation (Conciliation Letter). The second letter, received by Wilson on July 15, 1974, informed him that he "m[ight], within ninety (90) days of receipt of this communication, institute a civil action in the appropriate Federal District Court" (Right to Sue Letter). The third letter, a form letter, was earlier represented by plaintiff's counsel to have been received by plaintiff, but now appears never to have been received.[4]

The issue before us is simple. If the conciliation letter contains sufficient notice of the right to sue, then this action is not timely, being brought nearly a year after receipt of notice. If notice was not given until the right to sue letter, the action is timely, being brought 88 days after notice of the right to sue.

■ Leaving our analysis of the two letter system and the requirements of the Act aside, we must, in compliance with the remand, find that the conciliation letter is inadequate to appraise a recipient of his right to sue. The letter is not sufficiently informative. It does not make reference to the possibility of suit being brought by Wilson. It suggests, in fact, that suit could be brought by the EEOC, thus any litigation by Wilson, himself, could be duplicative. Despite the fact that the letter does suggest that administrative proceedings are complete, there is nothing in the letter to indicate the significance of this fact to anyone but an attorney. Any complaining party

poration's Amended Motion to Dismiss and was referred to in that brief as the notice received by plaintiff. Plaintiff subsequently amended his complaint to include, as an exhibit, the conciliation letter actually received. Plaintiff did not amend his brief, however, nor did he point out to us the difference between the form letter and the letter actually received. As a result, we erroneously relied upon the letter contained in the brief in the consideration of Sharon's Motion to Dismiss.

would be justified in treating the letter as an interim report of the processing of his claim by the EEOC. The conciliation letter is thus insufficient to commence the 90 day period within which suit could be brought.

■ In contrast to the conciliation letter, the right to sue letter is informative. The letter was clearly drafted with special regard to § 706(f)(1). It is, in fact, probable that the EEOC intended this letter to commence the 90 day period rather than the conciliation letter. The right to sue letter specifically informs the recipient of his right to sue; there is no ambiguity concerning plaintiffs' duties. Even the possibility of proceeding *in forma pauperis* is brought to the attention of the recipient. There is little question, therefore, that the right to sue letter does give adequate notice of plaintiff's rights. Since there is no evidence of any adequate notice given to Wilson prior to receipt of the right to sue letter, this action is timely, being brought 88 days after receipt of the right to sue letter.

## II

■ In our earlier decision, not only did we find Wilson's Title VII action to be time-barred, but we also found his 42 U.S.C. § 1981 claim to be time-barred. Since the Civil Rights Acts contain no statutes of limitation, we looked to Pennsylvania law for the most analogous state statute of limitations. *Polite v. Diehl,* 507 F.2d 119 (3d Cir. 1974). We reasoned that:

" . . . since the complaint alleges specific acts or courses of conduct which resulted in economic harm to plaintiff, it is properly construed as sounding in tort, i. e., tortious interference with a basic statutory right, the right to equality of treatment in employment."

399 F.Supp. 403, 408. As a result, we applied a two year statute of limitations, 12 P.S. § 34, dismissing the claim. The Circuit vacated our order, and remanded for reconsideration.

■ Subsequent decisions make reconsideration of this issue a useless exercise. It is now clear that the statute of limitations to be applied to a § 1981 employment discharge action in this Circuit is a six year statute. *Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894 (3d Cir. 1977). Because a six year statute must be applied to this action, we find Wilson's § 1981 claim to be timely.

## III

In the Circuit opinion in this action it is mentioned that res judicata may bar Wilson's claims. This issue has not been briefed on remand. We decide that if Sharon wishes to raise this issue, it should be done by a subsequent motion so that it might be properly briefed.

An order follows which we believe to be in compliance with the instructions in the remand.