Demetre GERONYMO, Plaintiff,

v.

JOSEPH HORNE COMPANY, a Pennsylvania Corporation and International Brotherhood of Painters and Allied Trades, Local No. 6, Defendants.

Civ. A. No. 75–283.

United States District Court,
W. D. Pennsylvania.

Nov. 21, 1977.

George Retos, Jr., Washington, Pa., for plaintiff.

Edward J. Van Allen, Pittsburgh, Pa., Robert Lewis, New York City, for Joseph Horne.

Richard D. Gilardi, Pittsburgh, Pa., for Union.

## OPINION

WEBER, District Judge.

This action, seeking money damages and injunctive relief, is based on the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff claims that defendants unlawfully discriminated against him on the basis of his national origin. Presently before the Court are separate motions by each of the defendants seeking dismissal of the action for lack of subject matter jurisdiction.

Plaintiff, Demetre Geronymo, was hired by defendant Joseph Horne Company in

July of 1969 as a journeyman painter and was employed in that capacity until being laid off on August 8, 1972. It is alleged that during that time Joseph Horne Company hired and fired on a "first hired—last fired" basis. Plaintiff claims this unlawful employment practice was an intentional discrimination against him due to his national origin, Greek. During the period that plaintiff was laid off, he claims that Joseph Horne Company hired similarly situated employees with less seniority.

On numerous occasions during plaintiff's layoff, plaintiff complained to defendant Local No. 6 that defendant Joseph Horne Company was discriminating against him and hiring those with less seniority. Plaintiff claims that despite his grievances, defendant Local No. 6 permitted Joseph Horne Company to continue its discriminatory practice by hiring individuals with less seniority than plaintiff. Plaintiff alleges that the local's actions were not in good faith but were also discriminatory in nature and motivated by animosity toward the plaintiff, resulting from a collusive understanding between the two defendants. Consequently, plaintiff claims that Local No. 6 breached its duty of fair representation owed to the plaintiff.

On September 1, 1972, plaintiff filed a written charge with the Equal Employment Opportunity Commission (EEOC) claiming that Joseph Horne Company wrongfully terminated his employment. On October 5, 1973, the EEOC found reasonable cause to believe that the charge was true and issued a letter of determination to that effect. On November 14, 1974, the EEOC district director wrote plaintiff advising him

" . . . that after careful review, the Commission has decided not to initiate litigation against the Respondent named in your charge.

If you want to pursue your charge further you have the right to sue the Respondent named in your case in the United States District Court in which you live.

In order to proceed in this matter you must make a written request for a Notice of Right to Sue from this office. You must file your action with the United States District Court within ninety (90) days of your receipt of the notice of Right to Sue."

On December 4, 1974, counsel for plaintiff wrote the EEOC requesting a "Notice of Right to Sue" letter. On December 6, 1974, the EEOC issued such letter, the contents of which read, *inter alia* :

"Pursuant to Section 706F(1) of Title VII of the Civil Rights Act of 1964. . . ., you are hereby notified that you may, within ninety (90) days of the receipt of this communication, institute a civil action in the appropriate Federal District Court."

On March 6, 1975, the Complaint in this action was filed.

The substance of defendants' Motions to Dismiss is that this Court lacks subject matter jurisdiction since the Complaint is untimely, the 90 day limitation period under § 706(f)(1) of the Act, 42 U.S.C. § 2000e–5(f)(1), beginning to run on November 14, 1974, when the EEOC first notified plaintiff that it had decided not to institute litigation.[1] Accordingly, defendants contend that plaintiff should have filed his

---

1. In pertinent parts, § 706(f)(1), of the Act, 42 U.S.C. § 2000e–5(f)(1) reads:

   If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent . . . . . If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or

   the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved.

Complaint on or before February 2, 1975, instead of March 6, 1975. In any event, Joseph Horne Co. claims that even if the 90 day limitation period began to run on December 6, 1974, plaintiff's action is untimely since the period between December 6, 1974, and March 6, 1975, totals 91 days and therefore the action is still time barred.

■ Initially, it must be noted that defendant Joseph Horne Company's alternate ground for dismissing plaintiff's Complaint must be denied. The time period between December 6, 1974, and March 6, 1975, totals 90 days and therefore plaintiff's Complaint is timely. In computing the elapsed time the first day is omitted and the last counted. Allowing a day for travel through the mail, as we must since notice is not effective until receipt, the timeliness of the action cannot be disputed.

■ Failure to comply with the 90 day limitation period is cause for dismissal because it is a jurisdictional prerequisite under Title VII. *Hinton v. CPC International Inc.*, 520 F.2d 1312 [8th Cir. 1975]. Such failure deprives a federal district court of subject matter jurisdiction. *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306 [2d Cir. 1975] *modified* 520 F.2d 409 [1975].

■ The present action was stayed pending decision in *Wilson v. Sharon Steel Corp.*, 549 F.2d 276 [3d Cir. 1977], since it was believed that the decision on the issue of the 90 day limitation period set forth in § 706(f)(1) and the EEOC's use of the "two letter" procedure to advise charging parties of certain developments in their cases would also resolve issues presently pending in this action. However, because the district court in *Wilson* based its decision on a letter from the EEOC which the plaintiff never received, the district court's decision was vacated and remanded for consideration in light of the letter actually received. In remanding the Court of Appeals stated that it was not deciding the issue of when the 90 day period of limitation began run-

ning. On remand, the district court was instructed to consider the issues presented, not only in view of the letter actually received, but particularly in view of recent decisions not available to the district court at the time of its order.

The decisions referred to by the Court of Appeals in remanding *Wilson* agree that the 90 day limitation period contained in § 706(f)(1) of the Act begins to run from the date of notice of the EEOC's intention not to litigate the matter, and thus ending the administrative processing. In these cases, the notice of suit consideration by EEOC occurred in the second letter of the "two letter" procedure, and in all instances, captioned as the "Notice of Right to Sue" letter. The first letter in the process merely notified plaintiffs that efforts at conciliation had failed and that upon written request a notice of right to sue letter would issue, upon receipt of which the charging party had 90 days to commence suit in district court. None of the cases mentioned contained a notice by the EEOC of its intention not to bring suit, as found in the present case. In *Wilson* the district court on remand found the original letter ineffective to start the running of the 90 day period because it did not sufficiently inform the charging party of his right to sue. (Opinion November 11, 1977).

However, in *Lacy v. Chrysler Corp.*, 533 F.2d 353 [8th Cir. 1976], a trilogy of appeals, one of the three cases, *Whitfield v. Certain Teed Products*, involved an EEOC letter-notice procedure similar to the present action. In *Whitfield* plaintiff received three letters instead of the usual two.[2] The first letter informed plaintiff of the failure to conciliate and the second specifically advised him that the EEOC had decided not to file suit. The third letter was the formal "notice of right to sue." In affirming the district court's dismissal of the complaint (finding that the second letter constituted notice of right to sue and termination of the adminis-

---

**2.** The EEOC has amended its policy for communication with the charging party. Under the revised policy, charging parties only receive one letter announcing the failure of conciliation

efforts and the notice of right to sue. *The Bureau of National Affairs, Inc. Labor Reporter Fair Employment Practice Manual*, page 431:213 (May 1975).

trative process, triggering the 90 day limitation period) the Court of Appeals stated that Whitfield knew that he could not hope to receive any further administrative assistance from the EEOC. In neither of the two other appeals in *Lacy* did the first letter inform the charging party that the Commission had declined to institute suit or proceed further with the case. Thus, these letters, in light of the statute requiring notice to the charging party as construed in *Tuft v. McDonnell-Douglas Corp.*, 517 F.2d 1301 [8th Cir. 1975], *cert. denied*, 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 [1976] did not trigger the start of the 90 day period.

The second letter in *Whitfield* did begin the limitation period since official notification to the complainant by the EEOC, as required by § 706, upon making the decision not to file suit, represents the final step in the administrating process. The purpose of this letter, as with the formal notice of right to sue letter, was to definitely fix a time when the administrative remedies had ended and when the 90 day limitation for bringing suit had begun. *Lacy v. Chrysler Corp.*, supra; *DeMatteis v. Eastman Kodak Co.* supra.

As defendant Joseph Horne Company correctly points out in its brief, the same basic language of the notice received by Whitfield in his first and second letters, is contained in the November 14, 1974, letter received by the plaintiff in the instant matter. Therefore, in applying the principles set forth in *Lacy* as we are directed to do by the Court of Appeals in *Wilson*, it appears plaintiff was aware upon issuance of the letter that the administrative procedures of the EEOC were terminated since suit was considered and a determination not to litigate was made. Geronymo could no longer expect to receive assistance from that regulatory body. Taken alone, this would initiate the running of the 90 day limitation period.

However, the *Lacy* court realized that the language of the "notice" received by Whitfield in the second letter from the EEOC could be misleading because it stated that plaintiff had 90 days from the receipt of his right to sue letter to file suit in district court. Whitfield claimed that his reliance on this misleading information furnished by the EEOC deprived him of his rights under Title VII and therefore he fell into the exception language found in *Tuft v. McDonnell-Douglas*, supra.

In *Tuft*, where it was determined that the first letter received by the plaintiff from the EEOC did not initiate the running of the limitation period because it was only notice of failure to conciliate with no mention of suit consideration, the court held that the charging party *must receive actual and effective notification of his right to sue*. The language contained in the letter received by Ms. Tuft was similar to that found in the *Whitfield* notice and the notice in the present action with respect to the 90 day limitation period running only from receipt of the right to sue letter. The court found that Ms. Tuft did not receive effective notice to initiate the 90 day period and in any event she relied on the Commission's procedures. In absence of prejudice to the defendant, she should not be penalized for any errors or omission of the EEOC.

However, in *Lacy*, the court found that Whitfield did not justifiably rely on the EEOC's advice and the equities were substantially different than in *Tuft*. Whitfield had engaged counsel between receipt of the first and second letter; after receipt of the second letter Whitfield knew the EEOC procedures had ended; a request for notice of right to sue was not made until two months following receipt of the second letter; and, counsel in cooperation with the EEOC had misused the administrative process thereby delaying the litigation. Thus the court found Whitfield not to be an innocent party suffering prejudice through misleading information supplied by the EEOC.

"A contrary determination would permit a knowledgeable and informed aggrieved party to postpone indefinitely the issuance of a formal right to sue letter and thus delay indefinitely the initiation of the 90-day period prescribed by statute." *Lacy v. Chrysler Corp.* supra, at p. 361.

Whitfield also retained his cause of action under 42 U.S.C. § 1981 and would not sustain any prejudice in pursuing it if the Title VII action were dismissed.

The equities in the present action would appear to favor the plaintiff in considering his reliance on the language in the notice sent by the EEOC. Unlike Whitfield, counsel for Geronymo requested a notice of right to sue letter three weeks after receipt of the November 14, 1974 letter which indicated the termination of administrative procedures, and immediately after counsel had been retained.

However, we cannot subscribe to the broad position taken in *Tuft*, i. e. that Ms. Tuft did not receive effective notification and that her reliance on misleading information from the EEOC would not initiate the limitation period. Such a view would seem to grant administrative agencies an impermissible authority to circumvent the congressionally-specified limitation periods, thereby enlarging the jurisdiction of the federal courts. *DeMatteis v. Eastman Kodak Co.*, supra. We feel that the proper course to follow, where erroneous administrative agency advice was received and the equities of the situation so dictate, is that taken by the Second Circuit Court of Appeals in *DeMatteis*.

"Although we see no reason to change our decision that the statute of limitations begins to run on a Title VII claim, . . . when the Commission notified the parties of its action, '[w]e should not indulge in the fiction that the law now announced has always been the law and, therefore, that those who did not avail themselves of it waived their rights.' *Griffin v. Illinois*, 351 U.S. 12, 26, 76 S.Ct. 585, 594, 100 L.Ed. 891 [1956] (Frankfurter, J., concurring in judgment). The issue in this case was one of first impression which this court resolved in a manner which, as witnessed by the Commission's earlier contrary instructions, was not clearly foreshadowed. It would be inequitable under such circumstances, and would frustrate the remedial purpose of the Civil Rights Act, to apply the decision of this court so as to bar the claim of a party who filed suit within the period recommended by the administrative body which had been established to help vindicate such statutory rights.

In view of these considerations, we hereby modify our judgment in this case so that the portion thereof which deals with the Title VII claim will have prospective effect only, from the date of the original decision, plus 90 days, so that it will first apply to actions, wherein appellants or applicants have been misled by the Commission, brought under § 706 of Title VII on and after May 7, 1975. See *Chevron Oil Co. v. Huson*, 404 U.S. 97, 105–09, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)." *DeMatteis*, 520 F.2d 410–411.

Since the notice of the EEOC's intention not to litigate, indicating that plaintiff would have an additional ninety days from receipt of his right to sue letter in which to file suit was received prior to May 7, 1975, and, giving the decisions referred to in *Wilson* prospective effect only, plaintiff's Complaint is timely under the Act.